JOHN B. WIDENER and JACOB BROWN, Trustees *vs.* JOHN B. FAY, Adm'r of WILLIAM DEVECMON.

*Commissions to the Estate of a Deceased Trustee who dies before the Completion of the Trust—Commissions to Trustees appointed by a Court of Equity in place of Original Trustees under a Deed.*

H. executed a deed conveying property to two trustees to secure a debt due to B., and in default of payment the trustees or either of them were empowered to sell the property, and it was stipulated in the deed, that in such event they should receive eight *per cent.* commissions as compensation for their services. One of the trustees never acted and resigned, and the other filed his bond, made several attempts to sell the property, but died before doing so. On application to a Court of equity the appellants were appointed trustees in place of the original trustees to carry out and execute the trust, which they did. The auditor, in accordance with the instructions of the Court below, allowed to the appellants commissions according to the Chancery rule, and a certain sum to the appellee for the responsibility assumed and the labor and services rendered by his intestate. HELD:

1st. That the practice of allowing a reasonable compensation to the estate of a deceased trustee who dies before the completion of the trust, is well settled and sanctioned by authority.

2nd. That the parties to the deed made with the trustees of their own selection, a personal contract as to their compensation, but that the compensation of the substituted trustees, they being appointees and officers of the Court, must be regulated by the rules of Court.

APPEAL from the Circuit Court for Allegany County, in Equity.

The case is stated in the opinion of the Court.

Widener & Brown, Trustees *vs.* Fay, Adm'r.

The cause was argued before BARTOL, C. J., BOWIE, BRENT,. MILLER and ROBINSON, J., for the appellants, and submitted for the appellee.

*William Brace* and *Jacob Brown,* for the appellants.

The appellants, as substituted trustees, having assumed all the duties and obligations of the original trustees, became entitled to the commissions named in the deed, viz: eight *per centum* upon the amount realized from the trust property.   The appellants may be presumed to have accepted the trust in contemplation of receiving the same commissions, and having executed the trust, they ought not now to be deprived of the legitimate fruits of their labors.

*John B. Fay,* for the apppellee.

The Court will allow reasonable commissions, or compensation which is equivalent, to the estate of a deceased trustee who dies before completing his trust.   *Bentley vs. Shreve, et al.,* 2 *Md. Ch. Dec.,* 215.   In this case, under a deed silent upon the subject of compensation, the Court decided that five *per cent.* was reasonable commissions. *See Gibson's Case,* 1 *Bland,* 147–8; *Young's Estate,* 3 *Md. Ch. Dec.,* 475.

MILLER, J., delivered the opinion of the Court.

The controversy in this case is over commissions.   It appears that in April, 1865, Charles Hamill executed a deed conveying certain property to Devecmon and Deford as trustees to secure a debt due to Gustavus Beall.   In default of payment the trustees, or either of them, were empowered to sell the property, and the deed stipulates that they shall receive "*eight per cent.* commissions as compensation" for their services.   Deford never acted and resigned, but Devecmon filed his bond, made several attempts to sell the property, but died before doing so.

After his death, on application to the Circuit Court for that purpose, an order was passed in May, 1875, appointing Widener and Brown trustees, in place of Deford and Devecmon, to carry out and execute the trust.   These trustees proceeded to act, sold the property for $10,050, and reported the sale which was duly ratified.   The auditor then stated an account in which he allowed the trustees commissions at eight *per cent.*, as provided in the deed. This allowance the Court (MOTTER, J.,) declined to sanction and directed the question to be argued.   The administrator of Devecmon then filed a petition asking an allowance out of the proceeds of sale for labor and services rendered by his intestate in his life-time in efforts to execute the trust.   Testimony was taken upon the matter of this petition and an opinion was then delivered by the Court, (ALVEY, C. J., and MOTTER, J.,) by which it was decided, 1st. that Widener and Brown were only entitled to commissions according to the Chancery rule, and, 2nd. that the sum of $400 be allowed to his administrator for the responsibility assumed, and the labor and services rendered by Devecmon.   An order was then passed referring the case to the auditor, with instructions to state an account in accordance with the views expressed in that opinion, and from that order this appeal has been taken by Widener and Brown.   We shall assume that this order is subject to review on appeal and shall dispose very briefly of the questions it presents.

1st. And first, we think there was no error in allowing compensation for the services of Devecmon.   The practice of allowing a reasonable compensation to the estate of a deceased trustee who dies before the completion of the trust, is well settled and sanctioned by authority. *Bentley vs. Shreve*, 2 *Md. Ch. Dec.*, 215.   As to the amount allowed in this case, (if that be a matter within the revisory power of this Court,) we have no fault to find.   The testimony in the record, upon which we do not propose to comment

Widener & Brown, Trustees *vs.* Fay, Adm'r.

at length, shows that important services were rendered by the deceased in defence of the trust, and diligent efforts made to effect a sale of the property. That he did not succeed in doing so does not appear to have been his fault. All the witnesses who testified upon the subject agree that the amount allowed is, in view of the services rendered, reasonable. It is a little less than half the amount provided for in the deed.

2nd. We also agree with the learned Judges of the Circuit Court that the substituted trustees must be content to have their commissions regulated by the Chancery rule. They derive their appointment from the Court, and the order appointing them makes no provision for their compensation. They were content to accept this appointment which they did not receive, as the original trustees did, from the agreement and consent of the parties to the deed. It is to be presumed the original trustees were selected by the parties and their compensation fixed in view of personal considerations and by mutual understanding and agreement, and *non constat* these parties would have agreed to give the gentlemen who were substituted as trustees the same compensation. Parties have the right to make such lawful contracts as they please, and here the parties to the deed made a personal contract with the trustees of their own selection, that they should receive a certain fixed compensation for the performance of the duties which the deed entrusted to their charge. The substituted trustees are the appointees and officers of the Court, and their compensation must be regulated by the rules of Court.

It follows from what we have said that the order appealed from must be affirmed.

*Order affirmed, and ·*
*cause remanded.*