## John M. Grant et ux. *v.* Tyre J. Spann.

1. Executor and administrator: will: appointment of executor need not be express: rule in relation to constructive appointment.—The appointment of an executor may be either express or constructive. Where there is no express appointment, if by any word or circumlocution, the testator recommend or commit to one or more the charge and office, or other rights which appertain to an executor, it is tantamount to an express appointment of an executor. See 1 Williams on Exr. 134.

2. Same.—Where no executor has been expressly nominated by the testator, an authority given to a trustee, legatee, or other person named in the will, to collect and pay off the debts due to and by the testator, is equivalent to the appointment of such person as executor; but this authority to collect and pay debts need not be express, if the duties imposed, or the authority conferred, necessarily imply the right to receive the testator's goods and collect and pay his debts.

3. Same: case in judgment.—The testator devised his whole estate to a trustee, in trust for the benefit of his widow and children, and directed that his property should not be divided until his debts were paid, and then that his widow should receive one-third of the estate, to be held by her during her natural life, and that the balance of his estate should be divided among his children; no express appointment of an executor was made. *Held,* that the trustee's right to the immediate possession of the estate, which was to be continued until the debts were paid, when he was bound to distribute it according to the directions,

Grant et ux. v. Spann.

of the will, negatived the idea that he was to receive the property through the hands of an administrator, and implied the authority to collect and pay the debts, and therefore he was executor by constructive appointment.

4. PROBATE COURT: JUDGMENT OF, IN RELATION TO CONSTRUCTIVE APPOINTMENT OF EXECUTOR CANNOT BE ATTACKED COLLATERALLY.—Upon the production of a will for probate, the Court of Probates acquires full jurisdiction of the case; and if there be no express appointment of an executor, that court has the exclusive right in the first instance to determine whether there has been a constructive appointment or not; and if the court should err in its decision, its judgment cannot be attacked in a proceeding instituted by a distributee to revoke letters testamentary granted to one whom the court has adjudged to be executor by construction, and to procure a grant of letters of administration with the will annexed, to the petitioner.

IN error from the Court of Probates of Noxubee county. Hon. Reuben Ruff, judge.

In May, 1855, Lewis Brewer, who was then domiciled in Noxubee county, died, after having first made and published his last will and testament, which was duly admitted to probate, by the Court of Probates of that county, at the ensuing June term, and letters testamentary thereon granted to T. J. Spann, the appellee. At the December term, A.D. 1856, his widow (having, in the mean-time, intermarried with John M. Grant), and her husband petitioned the court for letters of administration on the estate of Brewer. In this petition, they alleged that the granting of letters testamentary to Spann was void, or, at least, voidable,—there being no appointment of an executor made by the will of Brewer; and they asked that the said grant be annulled, and the letters revoked, and that Mrs. Grant be appointed administratrix, with the will annexed.

Spann answered, and made the will of Brewer an exhibit, and insisted that, by the provisions thereof, he was nominated executor, and he relied upon the judgment of the court granting him letters testamentary, as a bar to the present proceeding.

The will of Brewer is in the following words:—

State of Mississippi, Noxubee county.

In the name of God, I, Lewis Brewer, of the county and State aforesaid, being of sound mind and disposing memory, do make and

constitute this my last will and testament, hereby revoking all others. .

"First. I give, in trust, all my property, both real and personal, to T. J. Spann, for the benefit of my wife and children,—said property being in Noxubee and Sunflower counties,—and said property not to be divided until all my just debts are paid. After all said·debts are paid, then my wife to have, as her portion, one-third of said property; to have and to hold during the term of her natural life, and at her death, said property to revert to my children; said property not to be liable for the acts of my wife, or the acts of any future husband she may have. All the rest of said property to go to my two children, Samuel Brewer and Fanny Brewer. When the division is made, I wish my son Samuel to take John and his family, and Ely, at valuation, as part of his portion. Signed, sealed, published," &c.

The Court of Probates dismissed the petition, and Grant and wife sued out this writ of error.

*W. L. Sharkey*, for plaintiffs in error.

In May, 1855, Lewis Brewer died in Noxubee county, leaving children, and a widow, the present complainant, Mrs. Grant; she having since intermarried with Grant. Brewer made a will, which was duly probated at June term, 1855, but appointed no executor. By the will, Spann was chief legatee, but in trust for the wife and children. At the July term, or early in July, 1855, letters testamentary were granted to Spann, as though he had been appointed executor. At the December term, 1856, of the Probate Court, Mrs. Grant, who was the widow of Brewer, and, of course, entitled to the administration, in conjunction with her husband, filed her petition, praying the revocation of the letters testamentary to Spann, and for administration on the estate of her husband. The court dismissed the petition, and, to reverse that judgment, the case is brought up. .

That Spann was not appointed executor by the will, is a question which seems to admit of no doubt. He was merely legatee. The chief question, therefore, is, was the grant of letters testamentary void, or even voidable, as no executor was appointed by the

will. If it were voidable, this is the proper way to reach it. But it was absolutely void, unless letters testamentary and letters of administration mean the same thing. If they mean the same thing, an administrator is executor, and *vice versâ.* As a consequence of this, all distinctions in our law between the two are useless and unmeaning. The oath of an executor is different from that of an administrator. His bond is different, his duties are different, and his qualifications different. Any one may be executor at eighteen, but cannot be administrator. An executor may do many things that an administrator cannot do; and, if the distinction be abolished, then many acts of illegality can be avoided, by appointing an executor, instead of an administrator.

An executor is created by the testator. He must derive his authority from the will. (Toller on Exors. 31, side page.) He is one whom the testator puts in his place. An administrator derives his appointment and his authority entirely from the court. Ib. 95, 114; 1 Williams on Executors, 124, 263. As an executor derives his authority from the will, his interest is completely vested at the testator's death, and before probate; and he may perform almost any act incident to his office. Toller on Exors. 46.

This question is one on which I can find no adjudged precedent; and, therefore, can only urge the legitimate deductions from the elementary principles laid down by law writers. In Kentucky, it was held, that when a general administration had been granted, and not with the will annexed (the will having been made in another State), the grant of administration was void. *Ewing* v. *Sneed,* 5 J. J. Marshall, 459. This case establishes the principle, that the strictest requirements of the law must be observed.

But, I suppose, it will be contended that Spann was appointed executor by implication. The general principle in such cases is, that, to make a person executor by implication, he must be charged with the duties belonging to, or appropriate to an executor. Toller on Exors. 35; Williams on Executors, 135, 136. The case cited in Williams on Executors, 136, was one stronger than the present case. The property was left to a trustee, with more extensive powers than those conferred on Spann, and still it was held that the trustee was not executor. Spann was a mere naked trustee. He was not empowered to pay debts, or to perform any of those duties belonging

to an executor, and, therefore, the proposition cannot be maintained that he was executor by construction or implication. His duties were simply those of a trustee. If anybody was executor by implication the wife was, and not Spann.

A court of probate has no power to grant letters testamentary, when no executor has been nominated. The nomination of an executor is essentially necessary to give it such jurisdiction, and its order in this case was simply a nullity, for want of power, and may be set aside, or declared void in this proceeding. This is simply an application for administration, in a case where there ought to be administration, but where there is none.

*H. W. Foote,* for appellee.

After discussing the right of the widow to administration on her husband's estate, when she delayed making application therefor until after the expiration of sixty days from the death of the intestate, argued as follows :—

The second, and only remaining question, is, whether the court below erred in granting letters to the appellee, who was named in the testator's will as trustee, or to whom the property was conveyed in trust ?

In arriving at a conclusion upon this point, we must take the testator's understanding of the words used in his will, ascertained from the will itself, without reference to lexicographers, or adjudicated cases, as the most correct manner of construing his will or his intentions. *Dugan* v. *Livingston,* 15 Miss. 230.

In construing a will, the grand object of inquiry is the intention of the testator; and this must be sought from the whole, and not from detached parts of it. And as each particular case must be determined by itself, and the true construction depends so much upon the character of the testator, the peculiar terms he employs, and all the surrounding circumstances, precedents, or adjudicated cases, are of but little moment. *Cook* v. *Weaver,* 12 Geo. 47.

From the language used in the testator's will, it is manifestly clear that his intention was that Tyre J. Spann, the appellee, should have control and management of his estate, for the purposes stated, to wit, the payment of his debts, and then an equal distribution, according to the tenor of the will. It does not affect the

intention of the testator that the term "in trust" is employed. The will vests the whole of the testator's estate in the appellee, for the purpose of carrying his will into effect. An executor is a person appointed by a testator to execute his will, or to see it carried into effect. The will of the testator intended to appoint the appellee in this case for that purpose. He must, therefore, be the executor of the testator's will, notwithstanding the term executor was not used by him.

I will, however, offer some authority on this point. In the case of *Myers* v. *Daviess*, 10 B. Mon. 394, Kentucky Reports, the question is expressly determined and stated thus: "Although the testator does not, in his will, nominate an executor in express terms, but confides the execution of it to persons whom he denominated trustees, conferring upon them the rights belonging to executors, it amounts to a constructive appointment of them to that office; and, although called trustees by him, they are, also, according to the tenor of his will, executors."

The same doctrine is held in 25 Miss. 422.

In this case, the testator conveys his property to the appellee in trust, but confers upon him full powers, and such authority as is exercised in all cases by executors.

The case referred to by the appellant, in 1 Williams on Executors, 136, is not applicable to the case at bar. There the duties were specific, and confined to specialties required of the trustee by the will. Unlike the present case, because the powers given here are unlimited, so far as the management of the estate is concerned, and are powers general.

It is not absolutely necessary to constitute an executor, that the testator expressly nominate him as such. If, by any word or circumlocution, the testator commit to any person qualified, rights which appertain to an executor, it amounts to the same as if he had ordained or constituted him executor. 1 Williams on Executors, 134.

If the testator say I commit all my goods or estate to the administration of A. B., or to the disposition of A. B., he is made executor. Ib.

Where the testator gave divers legacies, and then appointed that, his debts and legacies being paid, his wife should have the residue

of his goods, so that she put in security for the performance of his will, this was held, by three common law judges, to make her executrix. Ib.

In the case at bar, the will gives the estate of the testator to the appellee, in trust, for the purpose of paying his debts, and being paid, the residue is to be equally distributed, amongst his wife and children. The appellee, having given security for the performance of the testator's will, makes this a case within the authority stated.

But, again. Where the will contained only devises, without any bequest of the residue, or express appointment of executor, and concluded in these words: "I appoint A. B., C. D., and E. F., to receive and pay the contents above mentioned." *Held,* that the persons so named were executors. 1 Williams on Executors, 135.

SMITH, C. J., delivered the opinion of the court.

By his last will and testament, Lewis Brewer devised and bequeathed his whole estate in trust to Tyre J. Spann. The will was produced and regularly admitted to probate, in June, 1855, by the Court of Probates for Noxubee county. No executor was named in the will; and at the succeeding term of the court, letters testamentary were granted to the said Spann, who qualified and proceeded to act as the executor. The widow of the testator filed a renunciation of the bequests in her favor contained in the will, and elected to take her statutory portion of his estate. She subsequently intermarried with John M. Grant, who, jointly with her, in December, 1856, filed their petition praying for a revocation of the letters testamentary granted to Spann, and that letters of administration with the will annexed be granted to them. Their prayer was refused, and the petition dismissed. Whereupon they sued out this writ of error.

It is obvious, from this statement, that the main question to be considered, is a question of jurisdiction. If, in granting letters testamentary, the court acted without authority, its action was null and void. Upon this supposition, the estate was unrepresented. It was hence incumbent upon the court to appoint some suitable person administrator with the will annexed, and the petitioners may have been proper parties to be selected for that purpose.

On the other hand, if it be assumed that the court possessed jurisdiction over the subject, it is clear that no collateral inquiry could be instituted, in regard to any alleged error which may have intervened, unless such error rendered the action of the court absolutely void. If, therefore, it were conceded that the court erred in reference to a subject within its jurisdiction, it is equally clear that this was not the proper method of proceeding for the correction of it.

An executor is the person to whom the execution of a last will and testament is, by the testator, confided. He is placed in the stead of the testator. He may enter to the goods and chattels of the testator; he may dispose of them in the payment of the debts, and in the performance of the testator's will, and may sue for and recover the debts due to him. The executor derives his office from the testamentary appointment alone, and his authority is grounded on the will. And hence he may perform many acts in his character of executor before probate of the will. Toller on Ex. 34, 46; 1 Williams on Ex. 124, 134, 172.

An administrator in England is merely the officer of the Ordinary prescribed to him by act of Parliament, in whom no trust was reposed by the deceased. In this State, the administrator derives his office and title by the appointment of the Court of Probates, and his authority is prescribed by the statute.

There are marked and material differences between the office and authority of an executor, and the office and authority of an administrator. And the facts upon which the authority of the Court of Probates attaches, in the one case, to grant letters testamentary, and in the other to appoint an administrator, are equally distinct. In the latter case, except in certain cases, and for limited purposes, the authority of the court exists only in cases of intestacy. Where there is no actual or presumed intestacy, no jurisdiction whatever exists. In the former case, the probate of the will is the jurisdictional fact. And where there is no will and no probate, a grant of letters testamentary would be simply void.

Here there was no intestacy. There was a will and a probate. This vested full jurisdiction over the subject. Hence, the court had authority to grant administration with the will annexed, or letters testamentary to the person expressly nominated by the

testator, or who was the executor according to the tenor of the will. No one was expressly named as the executor, and counsel insist that Spann, to whom letters testamentary were granted, was not, by implication, appointed executor.

The will gave the testator's whole estate, real and personal, to Spann, in trust for the benefit of the testator's widow and children. The property was not to be divided until the debts were paid. After the debts were paid, the widow was to have one-third of the whole estate for the term of her natural life, not to be chargeable by her acts, or by those of any future husband she might have. And upon her death, the property given to her was to go to the testator's two children, to whom the residue of his estate was devised and bequeathed.

The appointment of an executor may be either express or constructive. And "although no executor be expressly nominated in the will by the *word* executor, yet if, by any word or circumlocution, the testator recommend or commit to one or more the charge and office, or other rights which appertain to an executor," it is tantamount to an express appointment of an executor. 1 Williams on Ex. 134.

In cases in which there was no express nomination of an executor by the testator, authority given to a trustee, legatee, or other person named in the will, to collect and pay off the debts due to and by the testator, would generally be considered decisive of the appointment, by construction, of such person as the executor. *Fry, Hogg & Grant* v. *Leslie,* 3 Phillim. 116.

But it seems not to be essential to constitute an executor according to the tenor of the will, that express authority should be given to him to collect and pay the debts. If the duty imposed and the authority given necessarily imply the right to receive the testator's goods and collect his debts, it will be sufficient. Thus, in a case where the will made no mention of the testator's debts, but contained only devises and bequests of real and personal legacies, to be paid within a given time, and concluded, without any residuary bequest or express appointment of an executor, in these words, "I appoint A. B., C. D., and E. F. to receive and pay the contents above mentioned," it was held, that these persons were executors according to the tenor; "for they could not receive and pay the

legacies without collecting in the effects; and no one can assent to a legacy but he that has the management of the estate, because legacies cannot be paid till after the debts, and he only who has the management of the estate knows whether the assets are sufficient." *Pickering* v. *Towers*, Ambler R. 363. And so it was held that a person named in the will as " universal heir," had a right to go into the ecclesiastical court for a probate. *Androvin* v. *Poilblanc*, 3 Atk. 301.

Spann was made universal legatee under the will; and we apprehend, the fact that he took only as trustee for the widow and children, can have no weight in considering the question under consideration. His right to receive and take possession of the testator's estate was postponed until after the payment of the debts. He was entitled to immediate possession, and to hold the property until the debts were paid, and was then bound to distribute according to the directions of the will. This would seem to negative the idea that he was to receive the property through the hands of an administrator, and to imply the right to collect and pay the debts. If we are correct in this construction, the case before us is covered by the principle applied in the case of *Pickering* v. *Towers*, quoted above; and is clearly distinguishable from the case of *Baddieatt* v. *Dalyue*, 2 Cas. Tem. sec. 294, cited and relied on by counsel for the plaintiff in error.

At most, the construction upon which the Court of Probates held that Spann was executor according to the tenor of the will, was one of doubtful propriety. And if it were admitted to be more doubtful, or even palpably erroneous, the case, for the plaintiff in error, would not be strengthened.

Upon the production and probate of the will, the court acquired full jurisdiction of the will; and, as no executor was expressly appointed by the testator, it had the exclusive right, in the first instance, to determine whether or not there was a constructive appointment. This, of necessity, involved the construction of the will; and, as the court had undoubted jurisdiction for this purpose, it is wholly immaterial, in this proceeding, whether its determination of the question was correct or incorrect.

Let the decree be affirmed.