## In re ESTATE OF HILL, Deceased; STRODE, Administrator, Respondent, v. BIERMAN, Appellant.

### St. Louis Court of Appeals, November 17, 1903.

1. **Administration:** PUBLIC ADMINISTRATOR TO TAKE CHARGE OF ESTATE WITHOUT ORDER. Under section 292 and 295 of Revised Statutes of 1899, when the public administrator takes charge of certain estates of deceased persons, and gives notice thereof, he thereby becomes vested with authority to administer such estates without an order of the probate court.

2. ———: WHO MAY ADMINISTER. A non-relative of deceased can not, as a matter of right, apply for letters of administration under sections 7-11, Revised Statutes 1899.

3. **Wills:** EXECUTOR: NO PARTICULAR FORM REQUIRED TO APPOINT. Any language in a will which expressly or by fair implication clothes a party with the authority of executor, will be held to constitute an appointment, but the court must be able to gather the testamentary intent that the party named should take charge of the estate.

4 ———: ———: APPOINTMENT OF EXECUTOR. A clause in a will bequeathing certain effects to B., followed by another clause expressing a desire by the testator that B. "direct anything that may be done" about his affairs, does not constitute an appointment of B. as executor.

In re Estate of Hill.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

AFFIRMED.

*J. K. Hansbrough* for appellant.

The will of testator manifestly intended that appellant should have charge of whatever was done, as to his estate situate in the city of St. Louis; and as such intention could be effectuated only by giving the administration of the estate to him, the order of annulment entered by the probate court was proper, and the only means by which the plainly expressed wish of the testator could be carried out, and should, therefore, have stood. 2 Am. and Eng. Ency. of Law, p. 745, n. 3; 1 Woerner's Am. Law of Administration, pp. 503, 504; 1 Williams on Executors (7 Am. Ed.), 278; Grant v. Spaun, 34 Miss. 294; Richards v. Moore, 5 Redfield (N. Y. Sur. Rep.) 278-82; Willard on Executors, pp. 138-39; Norris v. Beyea, 13 N. Y. 283; Clotilde v. Lutz, 157 Mo. l. c. 445; Pepper v. Pepper, 74 S. W. 256; Carpenter v. Cameron, 7 Watts (Pa.) 51.

*Johnson, Houts, Marlatt & Hawes* for respondent.

(1) Bierman was not appointed executor of the will, either in terms or "according to the tenor" of the will. (a) He was clearly not appointed executor in terms, for others were expressly named as executors. (b) He was not designated as executor "according to the tenor" of the will, for he is not given the powers of an executor. Schouler, Executors, p. 50, par. 37; In re Goods of Jones, 2 Sw. & Tr. 155. (2) Neither can Bierman claim any right to grant of letters of administration, for he is not a blood relative. R. S. 1899, art. 1, sec. 7; R. S. 1899, art. 1, sec. 11. (3) The public administrator was the proper person to take possession and administer under the will, there being no one else

entitled to administer. R. S. 1899, sec. 292; Tittmann
v. Edwards, 27 Mo. App. 495.   (4) It was unnecessary
that a formal grant of letters of administration be made
to the public administrator. His action in filing his
notice was equivalent to a grant of letters. Leper v.
Taylor, 111 Mo. 322; Vermillion v. Leclaire, 89 Mo.
App. 60.

REYBURN, J.—On the twentieth day of July,
1901, Edwyn W. Hill, an attorney at law, died in the city
of St. Louis, unmarried, without relatives or kin in the
State of Missouri, and so far as was known at the time
of his decease, intestate.   On the twenty-fourth of July,
1901, the respondent herein, Garrard Strode, public ad-
ministrator, of the city of St. Louis, took charge of the
estate, consisting in this jurisdiction wholly of person-
alty, and filed notice in obedience to sections 292 and
295, Revised Statutes 1899; thereafter, in due course,
he published notice to the creditors, prepared and filed
inventory and appraisement, and continued to admin-
ister the estate up to the time hereinafter indicated.
After the public administrator, by virtue of his office,
had taken charge of the estate, a will was found in Can-
ada, probated the twenty-sixth day of May, 1902, and
on the fourth of June, 1902, appellant addressed a mo-
tion or petition to the probate court of the city of St.
Louis, setting forth the facts above narrated, averring
that the probate of the will had been confirmed by the
probate court of the city of St. Louis and that by the
nineteenth clause, the testator had expressed his desire
that the appellant, petitioner herein, might have charge
of and direct the administration of the estate situate in
the city of St. Louis under said will, and concluding with
a prayer for the revocation and annulment of the author-
ity of Strode, and the granting of letters testamentary
or of administration to administer the estate in Missouri
to petitioner, in compliance with the expressed desire
of the testator.

Upon a hearing on the twenty-third day of September, 1902, the probate court sustained the application and revoked the authority of Strode, from which order Strode, on the twentieth of October, 1902, appealed to the circuit court of the city of St. Louis, where the cause was submitted to the court upon an agreed statement of facts. No declarations of law were asked or given, and a judgment was rendered overruling the application of Bierman, and confirming the authority of Strode to administer the estate under the will, from which Bierman, after due preliminary steps, has appealed to this court.

On the twenty-sixth of May, 1902, Strode again filed notice in the office of the clerk of the probate court, that he had again taken charge of said estate to administer under the will, and on the twenty-first day of October, 1902, letters of administration d. b. n. c. t. a. were granted to Bierman.

In addition to a recital of the foregoing facts, the agreed statement displayed intact the will of Edwyn W. Hill, the deceased, a lengthy instrument comprising twenty clauses: after various recitals, specific legacies and bequests not affecting this controversy, the document contains the following clauses:

"9. I bequeath and will to my old friends, Col. F. A. Benson and Seth S. Smith, the sum of fifty dollars each and request them to act as my executors. . . .

"14. I will and bequeath my law books in St. Louis to Paul H. Bierman, also my office desk, and desire him to send my effects to my executors. I also desire my private letters to be burned without being read. . . .

"19. I desire Mr. P. H. Bierman to direct anything that may be done about my St. Louis affairs in connection with this will; his address is 816½ Chestnut street, St. Louis, Mo."

Under section 292, Revised Statutes 1899, in July, 1901, in the absence of knowledge of any will, and under the facts as they appeared and were believed to exist, it was the duty of the respondent, as public adminis-

trator, to take charge of the estate of the deceased, and if subsequently the situation had continued without change, and no will had been discovered, his right to administer would doubtless never have been assailed. No appointment by the probate court was required, for where the public administrator, of his own motion, has taken charge of the estate of a deceased under any of the specifications now contained in the above section, and has given notice under section 295, his attitude towards such estate is the same as if he had taken charge under letters of administration or upon order of the probate court. Leper v. Taylor, 111 Mo. 322; Vermillion v. Leclaire, 89 Mo. App. 60. Appellant, a non-relative and stranger in blood to the deceased, could not have applied for letters as a matter of right under the provisions of the statute. R. S. 1899, secs. 7-11. Neither under the view we take, did the will confer any right of administration upon, or exhibit that the deceased desired him to administer the estate in Missouri. The appointment of an executor may be constructive as well as express; no particular form of appointment, nor the use of the word executor is required. Any language adopted in the will, which expressly or by fair implication clothes a given party, with the authority and duties of an executor, will be held to constitute such appointment, but the court must be able to gather a testamentary intent, that the party named should take charge of the estate, collect the assets, liquidate the indebtedness and perform the duties and possess the powers, usual to the office of an executorship. Schouler, Executors (3 Ed.), pp. 49, 50, pars. 36-37; Woerner, Administration (2 Ed.), sec. 229, pp. 503-504.

Applying this well-established rule, the language of the two clauses of the will of Hill, in which alone he mentions appellant, falls short of exhibiting any testamentary purpose on the part of the deceased that appellant should administer his affairs in the city of St. Louis. The fourteenth clause expresses the desire that

the private letters of the testator should be destroyed unread, and creates appellant devisee of his law books and office desk. The nineteenth clause denotes the wish that appellant should direct anything that might be done about the St. Louis affairs in connection with the will, giving appellant's business address. It should also be borne in mind that the testator was himself a lawyer, necessarily familiar with the import of the title of executor, and by clause ninth had nominated, in express terms, executors; and in the subsequent course of the instrument, in the fourteenth clause, the first naming appellant, had alluded to his executors as such.

The rights of appellant and the duties of respondent were not affected by the production of the will, since it was silent respecting who should be entrusted with the administration of the estate in this jurisdiction, the respondent was performing the obligation devolved on him by the statute in taking charge of the estate under color of his office and respondent had no legal authority to apply for or have issued to him letters testamentary or of administration, the latter of which in lieu of the former he had chosen to be invested with.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.