## Estate of SINA BERG, Deceased.
[No. 6,447; decided December 23, 1908.]

Executor According to the Tenor.—Where It Appears from the Terms of a will that it was the intention of the testator to appoint a certain person executor, although not named as such in the will, courts will be guided by the intention so expressed and make the appointment.

Executor According to the Tenor.—Courts do not Look with Favor upon the appointment of an executor "according to the tenor," but will rather appoint an administrator with the will annexed.

Executor According to the Tenor.—Before a Person Who is not Directly named as executor can receive an appointment "according to the tenor," not only must his identity be certain, but the court must be able to conclude from the language of the will itself that there is a testamentary intent that he shall take charge of the estate to perform the duties usual to an executorship.

Executor According to the Tenor.—A Person will not be Appointed executor according to the tenor unless there is some expression in the will clothing him with at least some of the duties and powers of an executor.

Application by Gaston E. Bacon for the probate of a will and for the letters testamentary thereon as executor according to the tenor of the will; and application by the public administrator for letters of administration with the will annexed.

William Penn Humphreys and Herbert Choynski, for the first application.

Cullinan & Hickey and John J. O'Toole, for the second application.

COFFEY, J.   Decedent testatrix was a single woman, aged about forty-five, a native of Norway, and died in Sonoma county, California, in August, 1908, leaving estate in San Francisco, and leaving a last will and testament in the Norwegian language, entirely written, dated, and signed by her own hand, which, translated, reads as follows.

"2695 Sacramento St.
"Mrs. Pauline Lyng,

"If there is any money left by me when I die, I wish that you shall have it, also my watch and my clothes.   I have no relatives here and this my wish must not be changed.

"This I wrote the 25th day of February, 1904.

"SINA BERG.

"If you should need somebody to assist you in this matter ask Mr. Bacon.   Mr. Bacon will help you because Mr. and Mrs. Bacon were always good to me.

"SINA BERG."

Mrs. Lyng filed her renunciation of any rights which she might have had as executrix, and requested that the court appoint "Mr. Bacon," named in said will, as executor.

It will be noticed that in the will no one is directly named as executor.   It is claimed in behalf of Dr. Bacon that it appears from the said will that by its terms he was appointed executor according to the tenor of the will.

"Where it appears, by the terms of a will, that it was the intention of the testator to commit the execution thereof and the administration of his estate to any person as executor, such person, although not named executor, is entitled to letters testamentary in like manner as if he had been named executor"; Civ. Code, sec. 1371.

The argument of Dr. Bacon's counsel is that it was the intention of the deceased to commit the administration of her estate to him, and that this is strengthened by the evidence introduced.

Miss Berg was a hard-working woman of but little worldly experience, while Dr. Bacon is a man of property, accustomed to financial affairs and for many years Dean of the College of Pharmacy of the State University.   Miss Berg had worked five years at his house, and her will shows that

she had great confidence in his judgment, kindliness, and integrity.

This estate is so small that the commissions allowed its executor certainly are no great inducement for any business man to give his time and attention to its administration, and it is fair to infer that it is solely because of his relation to the deceased that Dr. Bacon has made his application.

If it be asked why Mrs. Lyng has not also petitioned as executrix, it is replied that she is also a working woman with full confidence in Dr. Bacon, and that the record shows that she has renounced any rights which she may have had as coexecutrix under said will, and has requested that the court appoint Dr. Bacon to act as executor.

The public administrator has petitioned for letters of administration with the will annexed, and the only question before the court is to which of these applicants letters should issue.

The authorities upon this subject are not very numerous.

"Each case is a construction of a particular document": In re Goods of Way, L. R. Prob. D. 1902, 345.

"The appointment of an executor may be express or constructive, and although no executor be expressly nominated in the will by the word 'executor,' yet if, by any word or circumlocution, the testator recommend or commit to one or more the charge and office, or other rights which appertain to an executor, it is tantamount to an express appointment of an executor.

"But it seems not to be essential to constitute an executor according to the tenor of the will, that express authority should be given to him to collect and pay the debts. If the duty imposed and the authority given necessarily imply the right to receive the testator's goods and collect his debts, it will be sufficient": Grant v. Spann (1851), 34 Miss. 302.

"The testator did not in his will nominate an executor in express terms. But as he confided to the persons whom he denominated trustees the execution of his will and conferred upon them the rights which appertain to an executor, it amounts to a constructive appointment of them to the office, and although called trustees by the testator, they were also

his executors according to the tenor. of the will'': Myers v. Daviess (1850), 10 B. Mon. 396.

"The use of the word 'executor' is not essential to the appointment of a person to execute a will. An executor may be appointed expressly or constructively, and designated by committing to his charge those duties which it is the duty of an executor to perform; by conferring those rights which belong to the office or by any other language from which the intention of the testator to invest him with that character may be inferred'': Carpenter v. Cameron (1838), 7 Watts, 51.

"Where a person was charged with the disposition of the estate and authorized and directed to carry out the intention of the testator, though not named as the executor of the will, it made. him the executor as fully as if named as such'': Stone v. Brown (1856), 16 Tex. 430.

"The appointment of an executor may be express or constructive, and though a person be not appointed executor by that name, yet if the testator commit to his charge duties ordinarily performed by an executor, it is the testator's intention to invest him with that capacity'': Ex parte McDonnell (1851), 2 Brad. Sur. (N. Y.) 32; Fleming v. Bolling (1801), 3 Call, 75.

"The testator's declaration that A B shall have his goods to pay his debts and otherwise to dispose at his pleasure and other such like expressions will suffice for such appointment'': Henfrey v. Henfrey, 4 Moore P. C. 33.

So, too, the commitment of one's property to the "administration'' or to "the disposition'' of A B; or the direction that A B shall pay debts and funeral expenses and probate charges: Goods of Fry, 1 Hagg, 80; Schouler on Executors, 3d ed., sec. 36.

A will read: "I do hereby request J. Channon or C. B. Taylor to have my body buried at Laurel Hill. Pay to my niece, etc. Pay all my honest debts.'' The court said: "No express words are necessary in a will to appoint an executor. The appointment may be made by necessary implication.'' To the same effect are: Nunn v. Owens, 2 Strob. 101; State v. Rogers, 1 Houst. 569; Goods of Fraser, L. R. 2 P. & D. 183: Hartnett v. Wandell, 60 N. Y. 350, 19 Am. Rep. 194; In re Goods of Cook, L. R. Prob. D. 1902, 114; In re Goods of

Kirby, L. R. Prob. D. 1902, 188; Bayeaux v. Bayeaux, 8 Paige Ch. 333. See Crosswell on Executors, pp. 51, 52; Williams on Executors, 10th ed., pp. 165-168.

It is the statute law of California, and of nearly all the other states of the Union, and a well-defined principle of common law, that where it appears from the terms of the will that it was the intention of the testator to appoint a certain person executor of his will, although not named as executor in the will, that courts will be guided by the intention so expressed and make the appointment. This principle is laid down in section 1361 of the Civil Code of California.

While the foregoing is a well-settled principle of both code and common law, it is equally well settled that courts do not look with favor upon the appointment of an executor "according to the tenor," but will rather appoint an administrator with the will annexed who will administer the estate under the guidance of the court, and make distribution of the property of the decedent in conformity with the terms of the will. See Hartnett v. Wandell, 2 Hun, 552, where the court said: "The appointment of an executor, by construction or implication, is not favored, and in doubtful cases administration with the will annexed must be resorted to."

The courts are a unit on the proposition that before a person who is not directly named as executor can receive an appointment according to the tenor, not only must the identity of the person be certain, but the court must be able to conclude from the language of the will itself, that there is a testamentary intent that the party named should take charge of the estate, collect the assets and liquidate the indebtedness, and perform the duties and possess the powers usual to executorship. See Schouler on Executors, 3d ed., pp. 49, 50; also In re Hill's Estate, 102 Mo. App. 617, 77 S. W. 110, where the court said: "The appointment of an executor may be constructive, no particular form of appointment, nor the use of the word executor is required. Any language adopted in the will, which expressly or by implication clothes a given party with authority and duty of an executor will be held to constitute such appointment; but the court must be able to gather a testamentary intent that the party named should take charge of the estate, collect the assets and liquidate the

indebtedness and perform the duties and possess the powers usual to executorship."

The foregoing language was used by the court in construing the following provision of the will of the decedent. "19th I desire P. H. Brennan to direct anything that may be done about my St. Louis affairs in connection with this will, his address is 816½ Chestnut street, St. Louis, Mo." After an exhaustive opinion on the subject the court denied the application of Brennan to be appointed executor.

Woerner in his "American Law of Administration," volume 2, star pages 503, 504, says: "The test of a constructive appointment as an executor according to the tenor of a will may be found by considering whether the acts to be done, or the power to be executed by the person are such as pertain to the office of an executor."

In Cyclopedia of Law and Procedure, volume 18, page 76, the following rule is stated: "Executorship according to the tenor will not be granted where the will does not import that the person named shall collect dues, pay debts and legacies and settle the estate like an executor. The mere designation to perform some trust or to be guardian is not sufficient."

In State v. Watson, 2 Spears (S. C.), 97, Samuel Mayrant, the brother in law of deceased, and Mrs. Simmons, her sister, were by the will appointed guardians of the children of deceased, and deceased in the concluding paragraph of her will stated: "And it is my desire that this should be carried into effect by my brother in law Samuel Mayrant." After the death of deceased Mayrant contended that by virtue of the concluding paragraph of the will he was entitled to be appointed executor. In denying his application the court said: "To constitute one an executor according to the tenor it is necessary that he should have the charge and office or right of an executor. Does this will cast upon him the right of an executor? There is nothing to show that he is to have control of the property. He is not directed to sell or divide it. He is not directed to pay the debts. Indeed, there is nothing in the will which in the remotest degree can be considered as placing him in the stead of executrix, and conferring on him her rights. To be an executor, his authority must arise from the will, and unless there be a clear intent to constitute the

person claiming to be so regarded the executor, he never ought to be so appointed according to the tenor.''

To apply the law as above set forth to the case at bar, the court need only consider the will of the deceased. There is nothing contained in the will from which the court can reason that it was the intention of the testatrix to appoint her friend Dr. Bacon; he is not requested, by either direct words or by inference to take charge of the property of the deceased, to pay her debts, collect moneys due to her, distribute her property, pay her legacies, or to do anything whatsoever regarding her estate; he is not requested, directly or indirectly, to do or perform any act which usually falls to the lot of an executor. We can read nothing into the will, and can only consider the meaning of its words, and certainly, the direction given by the testatrix to the legatee that ''If you should need somebody to assist you in this matter ask Mr. Bacon. Mr. Bacon will help you, because Mr. and Mrs. Bacon were always good to me,'' means nothing more than they directly express, if you as legatee under my will have any trouble in obtaining your legacy, ask Mr. Bacon, and he will assist you in getting it. This is not a direction to Dr. Bacon to carry out the bequests of testatrix; it is not a direction to him to take charge of her estate, to collect dues, to pay debts, or to do anything whatsoever for the deceased. Dr. Bacon is to perform no service for the deceased; any service that he is to render is to the legatee. Dr. Bacon can do nothing in the premises until the estate is ready for distribution, and then if the legatee should need anyone to assist her in obtaining her legacy, she is directed to go to Dr. Bacon, and Bacon will assist her in obtaining it from the person holding the administration of the estate. This is the only construction that can be placed on the words of the will.

There is no doubt that the deceased held Dr. Bacon and his family in high esteem, and that no motive other than a wish to show his appreciation of this esteem prompts the doctor to ask that the administration of this estate should be given into his charge, but still the court can construe the will only as it is written, and no amount of evidence as to the mutual esteem and confidence existing between the parties can swerve the court from this duty. The same words in a will used from

a husband to his wife or from a father to his son would not give the wife or the son the right to the appointment of executrix or executor, and they would be compelled to resort to administration with the will annexed, and this is the principle that must govern the court in deciding this matter, and no matter what the relation was that existed between the parties, it is only the words of the will that can be considered.

It is a well-settled principle that administration of estates must go as the law directs, irrespective of feeling in the premises.

There is no direction to Dr. Bacon to take charge of the property which deceased might leave. Testatrix disposes of her money to Mrs. Lyng, and Mrs. Lyng is told that if she has any trouble in getting this money to go to Dr. Bacon. But there is no direction to Dr. Bacon to give this money to Mrs. Lyng, nor is there any direction to Dr. Bacon to take charge of or dispose of the interest of testatrix in the restaurant or in the schooner; if it was the intention of the testatrix that he should act as executor she would have mentioned these other properties to him.

The court can only conclude that the will of testatrix expressed a wish that Dr. Bacon should befriend Mrs. Lyng, if she needed assistance in obtaining her legacy from the person or persons having charge of the estate, and Dr. Bacon can only come before the court as the representative of Mrs. Lyng and not of the deceased.

Counsel for Dr. Bacon has cited authorities in support of his contention, but they only substantiate the principle laid down in the Civil Code of California that an executor need not be expressly named as such, which is not disputed, but in each of these cases where the court did appoint the executor petitioning, there was some expression in the will which clothed the person named with at least some of the duties and powers of an executor, which expression is lacking in the case at bar.

Application of Dr. Bacon denied.

Application of public administrator granted.