**W. T. STEWART, Appellant,**

v.

**Mrs. Maude STEWART, Appellee.**

**No. 3582.**

Court of Civil Appeals of Texas.

Waco.

Aug. 1, 1958.

Rehearing Denied Sept. 25, 1958.

Barney A. Garrett, Waco, for appellant.

Dunnam & Dunnam, Waco, for appellee.

McDONALD, Chief Justice.

This case involves the will of Dr. R. H. Stewart, deceased. Appellant Dr. W. T. Stewart filed an application in the County Court of McLennan County to probate the will of his brother Dr. R. H. Stewart, and to have himself and appellee (Mrs. Maude Stewart, wife of Dr. R. H. Stewart) appointed executors. Appellee joined in the application to have the will probated, but contested appellant's application insofar as it requested the Court to appoint appellant and appellee executors, and requested the Court to appoint the Citizens National Bank of Waco administrator with will annexed, which the County Court did. Appellant appealed to the District Court of McLennan County, which likewise appointed the Citizens National Bank of Waco as administrator with will annexed. The only question presented by this appeal is whether or not Dr. R. H. Stewart, by his will, appointed Dr. W. T. Stewart (his brother),

and Mrs. Maude Stewart (his wife), as executors of his will and estate.

The will of deceased was written all in the testator's own handwriting and is as follows:

"2-15-55 I want my will and possessions to be distributed this way now. I have changed it by codicile several times. To my beloved wife Maude, the home and its possessions in the house, the farm at Satin its debts and implements and other things there, and her half of my ⅓ interest in the property in California. My part I want my little sister Tuggie of Oakland to have it. Then she and Maude will be equal partners. There is no use paying off any debts that are secured by notes and are being paid monthly and annually unless there is plenty cash to do it. I only want Maude to share equally with my sisters and brothers, in the income of my property she share just like Haywood, Clyde, Trammell, Mabel, Tuggie Bess I only want her to have $300.00 per. mo. so long as her husband Mr. Feytel lives, or they are married. I don't want him Mr. Feytel to share in anything of mine. I want Maude to be given all the community cash after funeral and current expenses paid or $6000.00. The income from the milk plant, other sources of income and oil income put in one pool, keep a sizable balance say $12000.00 in bank at all times and pay to each heir the same amt monthly. As years go by and all sisters and brothers, wife are dead let their children inherit their parents part, but no wife or husband come into possession of anything of mine only income while she or he lives. My oil interest are all mine Maude has no interest in it. I have taken the money earned by it and put back into more oil interest. I want Emily Ann Craven given $2500.00 when finished high school, and my coz Elizabeth Striglets of Miss $2500.00 and $25.00 per mo. the bal. of her life.

"This the 15 day Feb. 1955
"/s/ Mamie L. King
"/s/ R. H. Stewart"
"I want Maude and my brother Dr. W. T. appointed without bond to attend to the business of the income and the attention of the property needs and they can appoint others when they no longer can serve.
"/s/ R. H. S."
"Give Mamie King $500.00 I had rather be put away in a moselaum than burried You 3 with the bank decide that if a better way to handle this than here stated the three W. T. Stewart, Jensen, Garrett
"/s/ R. H. Stewart
3–5–55"

■ In determining whether or not Dr. R. H. Stewart in his will appointed Dr. W. T. Stewart and Mrs. Maude Stewart as executors of his will, this court must ascertain and follow the intention of the testator. In Pinkston v. Pinkston, Tex. Civ.App., 254 S.W.2d 196, 201, W/E Ref. N.R.E., this court, quoting numerous authorities, says:

"Our view here is grounded on the intention of the testator as expressed by the words used by him, and the court must look upon the intention of the testator as a polar star to direct it in the construction of his will."

See also Orr v. O'Brien, 55 Tex. 149; 44 Tex.Jur. 680; Hobson v. Shelton, Tex. Civ.App., 302 S.W.2d 268, W/E Ref.N. R.E.

In arriving at the intention of the testator, where the will was drawn by a layman and not by an attorney, our Supreme Court says in Gilkey v. Chambers, 146 Tex. 355, 207 S.W.2d 70, 71:

"* * * where a will bears earmarks of having been drawn by a layman, and not by a lawyer, the court, in the endeavor to arrive at the intent of the testator, will not view the language technically but liberally and with reference to its popular meaning."

In the case of Stone v. Brown, 16 Tex. 425, the testator J. H. Spillman left the following will:

"I want my children brought to Galveston; Dr. Stone to take charge of them as guardian for them; sell the perishable property, rent out the house; hire out the Negroes, etc.; my son Charles I want Mrs. Stone to take charge of, and keep him with her until he is old enough to put in school, as a child of her own.
/s/ J. H. Spillman."

In a contest between Dr. Stone (named in the will supra) and the next of kin of the testator (who contended as in the case at bar that Dr. Stone was not named as executor by the will) the Supreme Court said:

"* * * an executor might be made or appointed in a will without expressly naming him as such; that where a person was charged with the disposition of the estate, and authorized and directed to carry out the intention of the testator, though not named as executor in the will, it made him the executor as fully as if named as such."

Another case in which the contention was made that executors were not appointed in a will is Boyles v. Gresham, 153 Tex. 106, 263 S.W.2d 935, 936. In this case the testator's will was entirely in his own handwriting and read in part as follows:

"* * * Would Like to have all of my affairs, Cash all assets, including any Bank Balance turned over to Parties named below With out any Bond or any Court action that can be avoided. they to wind up my affairs in any way they See fit.
U. C. Boyles Refrigeration Supply Co.
Charlie Hill Superior Ice Co.
Should these Gentlemen need a third man Would Suggest Walker. National

Bank of Commerce. Each of these Gentlemen to Receive $500.00 for his Services * * *."

Our Supreme Court said in this case:

"In our opinion the designation of U. C. Boyles and Charlie Hill to wind up the maker's affairs without bond or court action amounts to the appointment of them as independent executors. The word 'executors' is not used, but it is not necessary that a person appointed to take charge of an estate be expressly named as executor. He is constituted an executor if the will discloses, as we believe the instrument here involved does, the testator's intention that the person designated shall take charge of and administer the estate. Stone v. Brown, 16 Tex. 425, 430. We construe the writing as one that names or appoints executors * * *."

Yeager v. Bradley, Tex.Civ.App., 246 S.W. 688, W/E Ref. holds that the appointment of the sister of testator as trustee of the estate, with full power to manage, control and dispose of it, in effect, created her an independent executrix of the will.

Reverting to the will of Dr. R. H. Stewart: Dr. Stewart states that he wants his possessions to be distributed "this way now." He leaves his wife and brothers and sisters certain properties and monies. He provides that income from the milk plant, oil, and other sources be divided among his wife, brothers, and sisters. He makes certain provisions in the event of the death of brothers and sisters. He makes certain specific bequests to a niece and a cousin. Then Dr. Stewart in his own handwriting says: "I want Maude (his wife and appellee herein) and my brother Dr. W. T. (Stewart and appellant herein) appointed without bond to attend to the business of the income and the attention of the property needs and they can appoint others when they can no longer serve. /s/ R. H. S."

Considering the will and codicils in their entirety in the light of the authorities cited, it is our view that same clearly evidences the intention on the part of the testator to appoint Dr. W. T. Stewart and Mrs. Maude Stewart as executors of his will and estate. It is true that the testator did not use the word "executors", but it is nevertheless clear to us that such was the testator's intention. The will discloses to us that it was his intention that "Maude" and "Dr. W. T." take charge of and administer his estate. We therefore construe the writing as one that names or appoints Mrs. Maude Stewart and Dr. W. T. Stewart executors. See also Houston v. Schuhmann, Tex.Civ.App., 92 S.W.2d 1086 (writ ref. 1936).

From the foregoing it follows that the judgment of the trial court must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

Reversed and remanded.

HALE, J., took no part in the consideration and disposition of this case.