Ross *et al. v.* Conwell.

No. 945.

Ross et al. *v.* Conwell.

Will.—*Trustees.—Compensation of.— When in Discretion of Court.— Compensation Fixed by Will.*—Where a testator, in his will, appoints trustees of his estate and provides that the trustees or their successors shall each receive out of the proceeds of the estate, for their services in discharge of the trust, a reasonable compensation, to be fixed by themselves, the question of what is a reasonable compensation is not wholly in the discretion of the trustees, but rests in the court under the statute. And where such compensation, by the terms of the will, is left to the arbitrary determination of one of the parties, it is in the nature of a contract not to resort to a judicial action for settlement of the controversy, and such contracts are not binding in law.

From the Fayette Circuit Court.

*R. Conner* and *H. L. Frost,* for appellants.
*J. I. Little* and *D. W. McKee,* for appellee.

Reinhard, J.—The appellants are the trustees under the will of Abraham B. Conwell, deceased. The testator, who left a large estate to be disposed of, provided in his will, among other things, that the "trustees or their successors shall each receive out of the proceeds of said estate, for their services in his discharge of said trust, a reasonable compensation *to be fixed by themselves.*"

Exceptions were filed by the appellee to the appellants' final report in said estate in the court below, and these were, in part, sustained. From this ruling an appeal was taken to the Supreme Court, and from that court the cause was transferred to this, under the act enlarging the jurisdiction of the Appellate Court. Acts of 1893, p. 29, section 1, subd. 7.

The only question presented relates to the compensation of the trustees for their services, the court having

ordered a reduction of the amounts claimed and taken credit for by them, in their report.

At the trial, a number of witnesses testified, upon both sides of the question, of the reasonableness of such charges, as well as to the character of the services rendered, and there was a sharp conflict in their testimony. If the question of what was a reasonable allowance was properly submitted to the court, it is difficult to perceive upon what basis a reversal could be asked upon the sufficiency of the evidence. There was ample evidence to support the finding, and, under the well settled rule that the judgment will not be disturbed when the evidence is at all conflicting, we can not interfere in the absence of some other cause sufficient for a reversal.

It is strongly contended, however, on the part of appellants, that the question of what was "a reasonable compensation" was not one within the power of the trial court to determine, but must be left to the decision of the trustees themselves, where the testator had placed it. To this proposition we can not give our assent.

Ordinarily, it is true, where the testator himself stipulates what the compensation shall be, and the trustee or executor accepts the trust, it amounts to a contract between the parties, by which, if made in good faith, they are mutually bound. *Biscoe* v. *State*, 23 Ark. 592; *In re Hopkins*, 32 Hun (N. Y.), 618; *College of Charleston* v. *Willingham*, 13 Rich. Eq. (S. C.) 195. See, also, R. S. 1881, section 2397.

The rule just announced rests upon the principle that where the parties to an agreement have fixed the compensation among themselves, the courts will not interpose their judgment as a substitute for that of the parties, even though such consideration be of indeterminate value, but will give full effect to the agreement if it be

free from fraud or undue influence. See *Shover, Admr.,* v. *Myrick,* 4 Ind. App. 7.

But when the amount of such compensation is, by the stipulation of the contract, left to the arbitrary determination of one of the parties, or to the agents or officers of such party, if the same be a corporation, it is in the nature of a contract not to resort to a judicial forum for a settlement of the controversy, and such contracts are not binding in law. See *Peoples Mut'l Ben. Soc'y* v. *Werner, Admx.,* 6 Ind. App. 614, 34 N. E. Rep. 104; 12 Am. and Eng. Ency. Law, 305.

It is the general policy of the law that trustees shall not be permitted to profit by their trust estates, and so far has this doctrine been carried in the courts of England that no compensation is ordinarily allowed the trustee for his services, "lest it tempt him to profit in that way." 3 Redfield on Wills, p. 533, section 59, 3d ed.

While this rule as to compensation is not generally followed in the United States, it is still the policy of our law that the judicial proceedings in such matters shall be made as inexpensive as possible and with a view to the benefit of the *cestui que* trusts, the trustee being remunerated for faithful services under the direction of the court. Schouler on Execs. and Admrs., section 545.

In the case before us, it appears, from the trust conferred and the language employed in the will, that the testator had great confidence in the integrity, competency, and responsibility of the trustees named by him. These facts, together with the further one that the testator expressed a willingness to leave the reasonableness of their charges to the determination of the trustees themselves, were doubtless proper for the consideration of the court in adjudging the value of the services. *Bowker* v. *Pierce,* 130 Mass. 262.

It is proper to state, however, that the appellants were

not all named by the testator as his trustees, but that death in one case and failure to qualify in another rendered it necessary to make substitutions.

It would seem that as to the substituted trustees, at least, it can not be claimed that their compensation was fixed by the will, and that as to these the will can not control the remuneration, even where the same is fixed definitely. *Widener* v. *Fay*, 51 Md. 273.

It is not, and certainly can not be, claimed with any degree of justification that, by the terms of the will, the trustees take any portion of the estate as a legacy. The utmost that can be maintained successfully is that the intention of the testator was to repose a large discretionary power in the trustees, but that such discretionary functions were subject to review by the probate court can not be denied.

The intention of the testator should be looked to by that court in settling what is a reasonable fee for the services of the trustees, but it can not be held that it was the intention of the testator to give such trustees an unlimited discretion as to how much they should retain for their services. Such a construction would place all estates similarly situated at the mercy of those administering them.

Such is not the law, and, for this additional reason, the position assumed by the appellants is not tenable. The power of fixing the compensation rests in the court under the statute, and not in the trustees. *Collins, Guar.*, v. *Tilton, Exec.*, 58 Ind. 374; *Watkins, Admx.*, v. *Romine*, 106 Ind. 378.

Judgment affirmed.

Filed September 19, 1893.