RICKS *et al. v.* JOHNSON *et al.*

(En Banc.   Feb. 18, 1924.)

[99 So. 142.   No. 23671.]

1. WILLS.  *Legatees held entitled merely to interest of bonds for life.*

Where a testator making a will bequeaths given sums to nephews and to their children to be invested in bonds, with interest payable semiannually, and the will contains the provision, "What I will leave for my nephews at my death wish invested in bonds so as to draw interest semiannually, if either dies unmarried or without children, the amount of their bonds to be divided among the children of the other brothers, these bonds and those given to the children to be paid to each child as they reach the age of twenty-five (25) years of age," the named nephews do not take the *corpus* of such bonds, nor make the investments and disburse the interest, but only take the interest for life.

2. EXECUTORS AND ADMINISTRATORS.  *Wills.  Executor entitled to execute trust; court must appoint named person as executor if qualified.*

Where a testator makes a will containing trust features with others, and names certain persons as executors, and does not name any trustee to execute the trust provisions, the persons named as executors have the right to qualify and execute the provisions of the will under section 2012, Code of 1906 (section 1677, Hemingway's Code), providing, "and shall well and truly execute the will, if the law permit," etc., and, under section 2013, Code of 1906 (section 1678, Hemingway's Code), providing, in case an administrator with the will annexed be appointed, "the directions of the will shall be followed by the executor, and the provisions herein contained shall not so operate as to require the executor to pursue a different course from that prescribed in the will, if

it be lawful," and the court cannot refuse to appoint the person named in the will, if qualified and willing to act; nor can the court without legal cause remove an executor who has qualified as such.

3. EXECUTORS AND ADMINISTRATORS. *Powers of "executor" coextensive with will.*

An executor is the person to whom the execution of a last will and testament is by the testator confided. He is placed in the stead of the testator. He derives his office from the testamentary appointment, and his authority is grounded on the will, and he may completely execute the will if the provisions of the will are not contrary to law.

*Headnote 1. Bills and Notes, 8 C. J., section 693.

APPEAL from chancery court of Warren county.
HON. E. N. THOMAS, Chancellor.

Proceeding by Vivian Ricks and others against Fannie W. Johnson and others, for the construction of the will of Fannie Ricks Jones, deceased. From the decree rendered, the petitioners appeal. Reversed and remanded.

*Hirsh, Dent & Landau,* for appellants.

Brief in response to question propounded by the court. The court requested citation of authorities on the following question of law raised on appeal: "Assuming that the chancellor's decision was correct in holding that the devises to the three nephews named in the will were to be under the control of some person other than the parties named during their lifetime, and that the principal of the devises was to descend to the children named or mentioned therein, and that the said nephews were not to have possession or control of the bonds provided for, would or would not the executors be charged with the duty of selecting the bonds to be purchased, and of disbursing the semi-annual interest, and of turning over to the children mentioned the principal amount of bonds on the conditions named in the will? In other words, if the executors accept and are qualified to carry out the

provisions of the will, would the court have power to appoint trustees?

We direct the court's attention first to the following statutes of Mississippi: Section 2012, Code 1906, Hemingway's Code, section 1677; Section 2124, Code 1906, Hemingway's Code, section 1792; Section 2125, Code of 1906, Hemingway's Code, section 1793; Section 2126, Code of 1906, Hemingway's Code, section 1794; Section 2127, Code of 1906, Hemingway's Code, section 1795.

We find nothing in any of these statutes expressly providing that an executor shall, or authorizing an executor to hold, indefinitely, funds or securities in which funds may be invested, until persons contingently or remotely, or ultimately entitled to the principal of such funds, or to such securities, as distinguished from the mere income therefrom—in other words remaindermen—shall actually become entitled thereto.

In *Alexander* v. *Herring, Administrator,* 99 Miss. 427, it was held: "An administrator is a statutory trustee, whose duties and powers are fixed by law. These duties and powers cannot be enlarged by a decree of the chancery court, and, if the chancery court by its decree undertakes to confer upon an administrator powers which are denied under the law, the decree of the court is a nullity."

If the will under discussion had expressly directed that the funds involved in this proceeding should be held in trust, and the income thereof be disbursed, by the executors, we take it that there could be little question that, under those circumstances, it would, under the law, be the duty of the executors to "well and truly execute the will" by making such investments, and holding the bonds in trust, and disbursing the income as directed by the will.

The course contemplated by the decree under review would enable the executors, seasonably, to close their official connection with the estate and procure the discharge of themselves and their surety.

The conclusions which we reach from such authorities as we have read, and which we shall presently cite, may be summed up as follows: First: Where a will creates a trust, but fails to designate a trustee, the executor may carry out, and is perhaps chargeable by law with the duty of carrying out, the trust until a trustee is ap-. pointed by a court having lawful authority to appoint such trustee. Second: We gather, from some of the authorities, that where a will creates a trust, but omits to appoint a trustee, the executors, after paying debts, expenses and legacies, other than the legacies involved in such trust, should settle their accounts as executors and. pay over to a trustee appointed by the court, such funds as are subject to the trust created by the will, but until a trustee is thus appointed it is perhaps the duty of the executor to perform the trust. Third: Where a will, while not appointing the executor thereof trustee, expressly imposes upon the executor duties which require him to act in the character of trustee, he is a trustee by implication of law. Fourth: Some authorities hold that where a will creates a trust, but omits to designate a trusteee, the executor may act as such trustee.

In 18 Cyc. 207 it is stated: "Where trusts are raised by the will, but no trustee is appointed by the testator, . the law charges the executor with carrying out the trust until the court appoints some other trustee. . . ." Under this text are cited the following cases: *Haskell* v. *Hill,* 169 Mass. 124, 47 N. E. 586; *Dorr* v. *Wainwright,* 13 Pick. (Mass.) 328; *Hall* v. *Cushing,* 9 Pick. (Mass.) 395; *Saunderson* v. *Sterns,* 6 Mass. 37; *Brewster* v. *Mack,* 69 N. H. 52, 44 Atl. 811; *Lucas* v. *Lockhart,* 10 S. & M. 466, 48 Am. Dec. 766. See, also, *Jones* v. *Atchison, T. & S. F. Railroad Company,* 150 Mass. 304, 23 N. E. 43; *Smith* v. *Fellows,* 131 Mass. 20; *Dorr* v. *Wainwright, et al.,* 13 Pick. (Mass.) 328; 39 Cyc. 249; also 39 Cyc. 249, note 45; 40 Cyc. 1748; 40 Cyc. 1764; *Carson, et al.* v. *Carson, et al., etc.* decided by the supreme court

of Massachusetts, reported in 6 Allen (Mass.) 397; *White v. Massachusetts Institute of Technology,* 50 N. E. 512, per Holmes, J.

If the court shall hold that the nephews are not entitled to possession or control of the bonds, and that, in so far as relates to the sums of money bequeathed or "left" to the nephews, the will creates a trust, and that the will having failed to expressly appoint a trustee, or trustees, the executors are trustees by implication of law, it seems to us that if the executors shall so desire they may, upon collecting in the assets, and paying debts and certain legacies, relieve themselves of the burden and responsibility, or necessity of acting as such trustees by making a final settlement as executors, and expressing a desire not to further serve as executors, and not to serve as trustees, and that thereupon the court in which the estate is being administered would have, or ought to have, the inherent right to appoint another trustee or trustees.

NOTE:  There being no conflict between the parties interested, only one brief was filed on behalf of all concerned.—REPORTER.

ETHRIDGE, J., delivered the opinion of the court.

Fannie Ricks Jones executed a will in her lifetime in the following words:

"Know all present that this is my last will and testament, written in my own handwriting and signed by my name.  I wish all lots in city of Gulfport, Miss., and all cut-over lands in same county and also in Perry county, sold as soon as possible, but left to the judgment of Mr. W. H. Bouslog, who is my agent in Gulfport.

"My stock in Yazoo County Bank and in the Yazoo mill both in Yazoo City to be sold.  Five thousand dollars of the proceeds to be given to the All Saints College of Vicksburg for a scholarship to be called Ricks scholarship to be used for my nearest of kin in either Ricks or

Winter families in event of no one in either family wish to use it then the Episcopal Minister of Canton, Miss., must appoint a bright and worthy girl in the Episcopal Sunday school in Canton, Miss., to use the scholarship and this to continue as long as the college exists.

I have already given Ben Ricks two thousand five hundred dollars.

I have already given Herbert Ricks five thousand dollars.

I have already given Vivian Ricks twelve thousand five hundred dollars or over.

I have already given John Ricks five thousand dollars. What I will leave for my nephews at my death wish invested in bonds so as to draw interest semiannually, if either one dies unmarried or without children, the amount of their bonds to be divided among the children of the other brothers, these bonds and those given to the children to be paid to each child as they reach the age of twenty-five (25) years of age.

"Estimate of my property at present:

Due on Farland Plantation thirty thousand dollars & int.; Bonds of different kind, eleven thousand five hundred dollars; Liberty bonds, three thousand eight hundred dollars; Stock in Yazoo City Bank; Stock in Yazoo Mill of Yazoo City; Lots in Gulfport, Miss; Cut-over lands near Gulfport and Perry county. Oil land in Oklahoma.

"To Ben Ricks I leave ten thousand dollars to be invested in bonds.

"To Herbert Ricks five thousand dollars and his two children five thousand dollars to be invested in bonds.

"To Vivian Ricks two thousand five hundred dollars and five thousand dollars to his two children to be invested in bonds.

"To John Ricks ten thousand dollars and to his two children five thousand dollars to be invested in bonds.

"To my cousin Mabel Wood, 1808 May St., Fort Worth, Texas. To Fannie Ricks Kider now Mrs. ———,

niece of Dr. Heder, Hot Springs, Arkansas, each cousin five hundred dollars in money.

"To the Old Ladies' Home in Jackson two thousand five hundred dollars to be placed with the building committee.

"To the Rescue Home in Natchez five hundred dollars. If the law prevents my leaving these charity amounts making three thousand dollars, then this is to be paid to Mrs. J. W. Johnson for her to give according to my wishes.

"To my niece, Fannie Willis Johnson, I would leave anything I possessed in property or jewels if she needed or wanted them, but as she has more than she can use and wants nothing—to prevent worry to her will leave my half interest, also my half interest in cut-over lands in Perry county unless they have been sold before my death—if she does not wish this land can pay just what the half interest cost me.

"Jewelry.

"To my namesake, Fannie, daughter of Vivian Ricks, my diamond earrings, one of those stones to be set in a ring and one in a stickpin, also my ring with two solitaire diamond stones in center. To Sara, oldest daughter of Vivian Ricks, my cluster diamond pin and my small cluster diamond ring.

"To Hallie, oldest daughter of Herbert Ricks, my watch and chain. To Carroll, youngest daughter of Herbert Ricks, my amethyst or pearl necklace and ring with amethyst surrounded with small diamonds.

"To Cathine, daughter •of John Ricks, my diamond and cat's eye pin and cluster diamond ring set in shape of a cross.

"To Louise, wife of Vivian Ricks, as a slight memento of love my bar pin with cluster of diamonds in center, and to Marie, wife of John Ricks, as memento of love my black enamel pin with a diamond in center. I will

appoint Mrs. J. W. Johnson, my niece, and my nephew, John Ricks, as my executors.

"Written this the sixth (6) day of March, 1920, in my own handwriting and signed by my name.

"Fannie Ricks Jones.

"2430 Drummond St., Vicksburg, Miss."

Indorsed: "Filed July 18, 1922."

Further indorsed: "Ent. in Will Book C, p. 341."

"This July 18, 1922.

"J. G. Sherard, Clerk."

On the 11th day of July, 1922, the testatrix departed this life and the will was proven and probated by the affidavit of two persons deposing that they were familiar with the handwriting of the deceased; that the will was wholly written and signed in the handwriting of said Fannie Ricks Jones.

The petition for probate of the will was signed by the executors thereof. Among the statements of the petition are the following:

"Your petitioners would further respectfully show and represent that they are moved by a desire of meeting and fulfilling the wishes of the said Fannie Ricks Jones, and that the said last will and testament shall in all things be executed according to the true intent and meaning thereof.

"Petitioners further respectfully show and represent that the said John Ricks is a nephew of the said Fannie Ricks Jones, and the said Mrs. J. W. Johnson is a niece of the said Fannie Ricks Jones, and that the said John Ricks and Mrs. J. W. Johnson are interested in having the provisions of said will executed, and are willing to accept and undertake the office and trust thereby conferred upon them."

The petition further shows that the executors are over twenty-one years of age, and qualified to execute the trust conferred upon them. On the 18th day of July, 1922, the decree admitting the will to probate was en-

tered and signed by the chancery clerk, and the executors qualified by giving bond in the sum of forty thousand dollars and by taking the oath required by law. Notice to creditors was published as required by law. Thereafter Vivian Ricks filed his petition in the chancery court for a construction of said will, making a copy of the will a part of the petition, and alleging that he and Ben Ricks and Herbert Ricks and John Ricks are the nephews of the said decedent referred to in the said will.

"Petitioners would further respectfully show and represent, as will be shown by an inspection of said will, that the same contains a recital as follows:

I have already given Ben Ricks two thousand five hundred dollars.

I have already given Herbert Ricks five thousand dollars.

I have already given Vivian Ricks twelve thousand five hundred dollars or over.

I have already given John Ricks five thousand dollars. what I will leave for my nephews at my death wish invested in bonds so as to draw interest semiannually. If either one dies unmarried or without children the amount of their bonds to be divided among the children of the other brothers, these bonds and those given to the children to be paid to each child as they reach the age of twenty-five (25) years of age.

"The said will then provides:

" 'To Ben Ricks I leave ten thousand dollars to be invested in bonds.

" 'To Herbert Ricks five thousand dollars and to his two children five thousand dollars to be invested in bonds.

" 'To Vivian Ricks two thousand five hundred dollars and five thousand dollars to his two children to be invested in bonds.

" 'To John Ricks ten thousand dollars, and to his two children five thousand dollars to be invested in bonds.'

"Petitioner would further respectfully show and represent that Mrs. J. W. Johnson and John Ricks were

nominated executors in and by said will, have qualified, and are now the duly and legally acting executors of the said last will and testament of the said Mrs. Fannie Ricks Jones, deceased.

"Petitioner further respectfully shows that all the debts of the said decedent have been paid and the said estate is solvent.

"Petitioner further respectfully shows and represents that, while the said executors are animated by a desire to in all respects carry out and conform to the provisions and requirements of the said will, a doubt has arisen as to the true construction of these parts of said will hereinbefore quoted relating to the bequests to this petitioner and the said Ben Ricks, Herbert Ricks, and John Ricks, in that this petitioner respectfully shows, represents, and contends that he, and the said Ben Ricks, Herbert Ricks, and John Ricks are entitled to have the said executors forthwith pay to them, respectively, the amounts bequeathed by said will to said nephews, . . . and that it was the intention and purpose of the testatrix to direct, and that the said will directs, that the said sums, when so paid to said Ben Ricks, Herbert Ricks, John Ricks and this petitioner, respectively, shall be, by said Ben Ricks, Herbert Ricks, John Ricks, and this petitioner, respectively, invested in bonds, and . . . of retaining the bonds, . . . and that the said executors are not in any wise interested in the investment of said respective sums in bonds, and have no duty to discharge in respect thereto, but that the said executors . . . will have fully discharged and performed their duty and all obligations resting upon them when they shall have paid to said respective nephews the amounts hereinbefore respectively mentioned; and that the said executors are in doubt as to whether or not it was the intention of the testatrix to require, and whether the said will requires, that the said sums shall be invested in bonds by the executors and the income there-

from disposed of by the executors," etc., or whether it should be turned over to the petitioner, Vivian Ricks, and to said Ben Ricks, Herbert Ricks, and John Ricks, above named, for them to handle; and the petition prayed for the court to construe the will, particularly as to the following questions, to-wit:

"A.  Is it the duty of the said executors, and have they the right, to pay to said Ben Ricks, Herbert Ricks, Vivian Ricks, and John Ricks the sums bequeathed to said nephews, respectively, hereinbefore referred to, and will such payment, and receipts executed by said respective nephews, to-wit, said Ben Ricks, Herbert Ricks, Vivian Ricks and John Ricks, fully acquit and protect the executors, and their surety, notwithstanding the provision of the will aforesaid to the effect that, if either of the nephews aforesaid dies unmarried, or without children, the amount of their bonds to be divided among the children of the other brothers, these bonds, and those given to the children, to be paid to each child as they reach the age of twenty-five years of age?"

"B.  Are the executors, or their surety, in any wise concerned with or charged with any duty or responsibility in respect to the investment of said several sums of money in bonds, or with the possession of said bonds or with handling, or dealing therewith, or with the disposition of said bonds, or the income thereof?"

This petition was joined in by Ben Ricks and Herbert Ricks.

Mrs. J. W. Johnson and John Ricks answered the petition, stating that the deceased had a fixed place of residence in Warren county, owning at the time of her death personal property in Warren county, and departed this life on the 11th day of July, 1922; that the will before mentioned was probated and is the true and last will and testament; and admits that the petitioners, Vivian Ricks, Ben Ricks, Herbert Ricks, and John Ricks, are the nephews of the decedent referred to in the will.

The executors admit they are the executors of the said will, and have qualified and are now duly and legally acting executors of said will. They admit that all of the debts have been paid, and that the estate is solvent, and that they are animated by a desire to in all respects carry out and conform to the provisions and require- ments of said will. They admit that a doubt has arisen as to the true construction of the said will, and that they are in doubt as to whether the contentions of the petitioners, Vivian Ricks, Herbert Ricks, and Ben Ricks, are true, or whether the executors shall retain the funds, make the investments and disbursements, and carry out all of the provisions of the will, and join in the request to have the will construed, but reserve the right to ex- cept to such construction as the court may make, and to appeal therefrom.

It was agreed between the parties as follows:

"(1) The said Ben Ricks is forty-two years of age, and is unmarried, and has no children.

"(2) The said Herbert Ricks is forty years of age, and is married, and has two children, aged, respectfully, fourteen and eleven years.

"(3) The said Vivian Ricks is married, is thirty-eight years of age, and has two children, aged, respectively, ten years and six years.

"(4) The said John Ricks is thirty-six years of age, and is married, and has two children, aged, respectively, eight years and six years.

"(5) The said Ben Ricks, Herbert Ricks, Vivian Ricks, and John Ricks are brothers, and they are nephews of the decedent, Mrs. Fannie Ricks Jones."

The court construed the will to mean that the funds to be invested in bonds shall not be turned over by the executors to Ben Ricks, Herbert Ricks, and Vivian Ricks, but that the will constituted this a trust fund in which the said parties had the right only to the income for life. The court also held that the funds were not to be

invested by the executors and disbursed by them, but that such funds were trust funds, and that a trustee must be appointed to buy such bonds, to hold them, and to disburse the proceeds. The court in the course of the decree said:

"The executors are not by said will, nor by law, charged with any duty or responsibility in respect to the investment in bonds of the said several sums of money 'left' or bequeathed to said Ben Ricks, Herbert Ricks, Vivian Ricks, and John Ricks by the provisions of the will aforesaid, nor with the possession of such bonds, nor with handling or dealing therewith, nor with the disposition of such bonds, nor with the collection or disposition of the income thereof."

The court further held that the will fails to designate any person or trustee by whom the sums aforesaid shall be invested in bonds or by whom such bonds shall be held in trust, or by whom the interest shall be disposed of to the said nephews, but that the said sums of money shall be paid by the executors to the trustee to be appointed by the court, and that the trustee so appointed should invest the respective sums, the interest on which will be paid by the trustee to the said parties; that upon the death of any one of the said nephews unmarried and without children the bonds held in trust for the nephew so dying shall be by the trustee divided among the children of the other nephews named in accordance with the directions of the will, and that the payment of the said funds to the trustee to be named will operate in full, final, and complete discharge of the executors' obligations imposed upon them by said will so far as it relates to the bequest to the said nephews; and directed that bond should be given by the trustee to be fixed by the court or chancellor in vacation, properly conditioned for the protection of any person entitled to the bonds, etc.

From which decree an appeal was prayed and granted to this court.

After consideration the court is of the opinion that the will did not intend for the sums mentioned therein to be invested in bonds should be paid direct to the parties named therein to be handled and invested by them, but that the true intention and construction of the will is that the funds are to be invested in bonds and the bonds held during the lives of the said nephews, and that during their lives they would each receive the income from the bonds invested under the terms of the will for their benefit. In other words, as to the money to be invested in bonds, the said nephews do not receive the *corpus* of this part of the estate, but receive only the income therefrom semiannually.

We are unable to agree with the chancellor, however, that the executors are not charged with the duty under the terms of the will to make the investments, hold the securities, and disburse the income in accordance with the terms of the will. In our opinion, the will having named the executors, they have the power and are charged with the duty of carrying out the provisions of the will. The testatrix selected the persons whom she desired to carry out the provisions of her will.

In 3 Words and Phrases, First Series, we find the following definitions of an executor:

"An executor is one who is appointed by a testator in his last will and testament to see and take care that it is executed or carried into effect after his decease"—citing authorities.

"An executor, as the term is at present accepted, may be defined to be the person to whom the execution of the last will and testament and personal estate is by the testator's appointment confided."

"The word 'executor' is *descriptio personæ,* and the trust or power does not vest in the office, but in the person who is described by the word 'executor.' "

Other definitions of similar import will be found in the

same volume, and also in the Second Series of Words and Phrases.

Section 1677, Hemingway's Code (section 2012, Code of 1906), reads as follows:

"Every executor or administrator with the will annexed, who has qualified, shall have the right to the possession of all the personal estate of the deceased, unless otherwise directed in the will, and he shall take all proper steps to acquire possession of any part thereof that may be withheld from him, and shall manage the same for the best interest of those concerned, consistently with the will, and according to law. He shall have the proper appraisements made, and return true and complete inventories, except as otherwise provided by law; shall collect all debts due the estate as speedily as may be, and pay all debts that may be due from it which are properly probated and registered, so far as the means in his hands will allow; shall settle his accounts as often as the law may require, and pay all the legacies and bequests as far as the estate may be sufficient, and shall well and truly execute the will, if the law permit; and he shall also have a right to the possession of the real estate so far as may be necessary to execute the will, and may have proper remedy therefor."

It will be noted that this section provides that the executor shall pay all the legacies and bequests as far as the estate may be sufficient, and shall well and truly execute the will if the law permit. This statute, it seems clear to us, contemplates that the executors shall carry out all the provisions of the will that may be lawful. The will is the source and measure of the powers of the executor. His powers are not limited by law except as provided for by the statute such as this section and the section following.

Section 1678, Hemingway's Code (section 2013, Code of 1906), reads as follows:

"Whenever any last will and testament shall empower and direct the executor as to the sale of property, the

payment of debts and legacies, and the management of the estate, the directions of the will shall be followed by the executor, and the provisions herein contained shall not so operate as to require the executor to pursue a different course from that prescribed in the will, if it be lawful. And if land be directed by the will to be sold, the sale shall be made and the proper conveyance executed by the executors, or such of them as shall undertake the execution of the will, or by the person appointed by the will to execute the trust; and if the executor fail to qualify or die before he execute the will, and if the person appointed fail to execute the trust, the sale shall be made by the administrator with the will annexed.''

It will be seen from a careful reading of these sections that the directions of the will shall be followed by the executors, and that the. provisions of the statutes here quoted shall not so operate as to require the executors to pursue a different course than that prescribed by the will if it be lawful.

Section 3366, Hemingway's Code (section 5078, Code of 1906), reads as follows:

''Every person aged twenty-one years, male or female, married or unmarried, being of sound and disposing mind, shall have power, by last will and testament, or codicil in writing, to devise all the estate, right, title, and interest in possession, reversion or remander, which he or she hath, or at the time of his or her death shall have, of, in, or to lands, tenements, hereditaments, or annuities, or rents charged upon or issuing out of them, or goods and chattels, and personal estate of any description whatever, so as such last will and testament, or codicil, be signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction; and, moreover, if not wholly written and subscribed by himself or herself, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix.''

It will be seen from reading this section that every

person of age therein mentioned who is of sound mind has the power by will to devise all of the estate, right, title, and interest in possession, reversion, or remainder, which he or she hath at the time of his or her death. The statute gives complete power to such persons to dispose of all property interest of every kind subject only to the provisions for renunciation provided in the chapter on Wills.

In *Heard* v. *Drennen,* 93 Miss. 236, 46 So. 243, this court held that the sections of our Code provide that a person named in the will as the executor thereof shall be appointed executor if he be legally qualified under the laws of this state, and this right is secured by statute. Section 1673, Hemingway's Code (section 2008, Code of 1906), secures this right, which also exists generally in the states.

Section 1222 of Alexander on Wills, under heading "Right of One Named as Executor in Will to the Appointment," says:

"The appointment of an executor by a testator in his will is not absolute, since the right of the one named to act is restricted by statute, and such nomination cannot be final, since the nominee may either accept the office or refuse to serve. But, if the one named in the will as executor is qualified and willing to act, the court must appoint him to the office. If the nominee accepts the appointment under the will, and does not waive his rights by failing to take the proper steps as required by statute for proving the will, the court must, after proper proceedings, appoint him to the office unless he be shown to be incompetent or disqualified for some legal cause. The testator has the right to select as executor of his last will any one whom he may desire and the fitness of the one selected by the testator is not a matter which the court can investigate except in the cases where the law has specially so provided. If qualified and willing to act, the nominee of the testator must be appointed executor. It has, however, been held that, where conditions after the death of the testator had so changed that, had he anticipated them,

he unquestionably would have made a different choice, the court in its discretion could refuse to appoint the one named in the testator's will.''

The purpose of the law in securing this right manifestly is to enable the testator to control the disposition of the estate and to name the person who shall exercise this power and right.

In *Edmundson* v. *Roberts,* 1 How. (Miss.) 322, the court, speaking of this power and right, said: ''An executor derives his authority from the will, while an administrator, in the language of Toller (page 82), is the officer of the ordinary; and from this source flow all the other rules which discriminate the one from the other. 'As a consequence,' says Toller (page 46), 'of the principle, that an executor derives all his title from the will, his interest is completely vested at the testator's death.' ''

Further on in the opinion the court, in discussing the case, said: ''To hear the evidence and determine whether the will has been duly executed is the utmost extent of his judicial province; and when he would stretch his power beyond this and refuse to grant probate to an executor, a mandamus lies to compel him.''

In *Grant* v. *Spann,* 34 Miss. 294, the court, in discussing the case before it, defines an executor as follows: ''An executor is the person to whom the execution of a last will and testament is, by the testator, confided. He is placed in the stead of the testator. He may enter to the goods and chattels of the testator; he may dispose of them in the payment of the debts, and in the performance of the testator's will, and may sue for and recover the debts due to him. The executor derives his office from the testamentary appointment alone, and his authority is grounded on the will. And hence he may perform many acts in his character of executor before probate of the will. . . .

''There are marked and material differences between the office and authority of an executor and the office and authority of an administrator. And the facts upon which the authority of the court of probates attaches, in the one

case, to grant letters testamentary, and in the other to appoint an administrator, are equally distinct. In the latter case, except in certain cases, and for limited purposes, the authority of the court exists only in cases of intestacy. Where there is no actual or presumed intestacy, no jurisdiction whatever exists. In the former case, the probate of the will is the jurisdictional fact. And where there is no will and no probate, a grant of letters testamentary would be simply void.''

In discussing the will then before the court (34 Miss. at page 302) the court said:

''The will gave the testator's whole estate, real and personal to Spann, in trust for the benefit of the testator's widow and children. The property was not to be divided until the debts were paid. After the debts were paid, the widow was to have one-third of the whole estate for the term of her natural life, not to be chargeable by her acts, or by those of any future husband she might have. And upon her death, the property given to her was to go to the testator's two children, to whom the residue of his estate was devised and bequeathed.

''The appointment of an executor may be either express or constructive. And 'although no executor be expressly nominated in the will by the word ''executor,'' yet if, by any word or circumlocution, the testator recommend or commit to one or more the charge and office, or other rights which appertain to an executor,' it is tantamount to an express appointment of an executor.''

In *Gordon* v. *McDougall,* 84 Miss. 715, 37 So. 298, 5 L. R. A. (N. S.) 355, the court held that, where a will created an express trust for the payment of debts, the statutes of limitations providing for the probate of claims against the estate, and those not probated within a year were barred, was not applicable to the said will before the court, which had created an express trust, and that the executor was protected in paying debts though not probated, and that he should be credited with such funds paid out in the discharge of such debts.

We think it clear from these provisions that the executors had the right under the will to carry out the will in all of its terms so far as the will is lawful, and, as letters testamentary had been granted them, the court was without power to deny them the right to execute the will unless they had committed some act or been guilty of some negligence which would authorize the court to remove them; and, as there is no such suggestion in the record before us, the court below erred in appointing a trustee to displace the executors of the will.

There has been some distinction in some of the authorities between an executor and a trustee in a will, but the distinctions have more to do with the remedies than with the powers. An executor is a trustee selected by the testator to perform certain acts for the testator. But, if there be a distinction between an executor and a trustee in the will, we think the will would have to create a trustee, either expressly or by implication, apart from the executor for some purposes of the will. It is generally the law, where such distinctions exist, that, where a will contains a trust, but names no trustee, but does name an executor, the executor will execute the trust.

In the case of *Bean* v. *Commonwealth,* 186 Mass. 348, 71 N. E. 784, it is stated in the first syllabus: "Where the effect of the provisions of a will is to subject property in the hands of an executor to certain trusts, and no trustee is named, the executor on qualifying as such holds the property as trustee."

See, also, *In re Fritsch,* 80 Misc. Rep. 385, 142 N. Y. Supp. 555.

There is no suggestion in the record before us that the parties named as executors are not competent parties to execute the will and as they have qualified and have expressed a desire to carry out the provisions of the will, they must be allowed to do so. The general rule is that an executor when he is duly qualified is entitled

to remain in his position so long as he faithfully discharges his duties. He may, however, after the assets have been collected, debts paid, and the provisions of the will executed which have no trust features, resign the trust if the court consents thereto. The matters after qualification seem to be for the discretion of the court as to whether it will accept such resignation or not.

The judgment will be reversed, and the cause remanded.

*Reversed and remanded.*