Mrs. Dora M. Wright died in 1916 leaving her estate to her six children; a sixth each to three outright, and a share each to three to be held in trust by her executors, to pay them the income for life. Miss Emily Wright, one of the latter, had the power to appoint her share by will. The two sons, William M. Wright and Edward H. Wright, and Chauncey G. Parker, a son-in-law, were appointed executors. The will gave $1,000 to each "as compensation for their services and no more." They paid themselves the sums in 1921. Mr. William M. Wright and Mr. Parker filed their account to December 31st, 1925, in which they charge themselves as executors with corpus, $567,436.90, and discharge themselves *Page 536 
of the corpus by payment of the three outright shares, and the three trust shares, aggregating $201,099.83, to themselves as trustees. The account included the income of the latter and payments to the life interests, as well as the income on thecorpus and its appropriate disposition. It was confirmed by decree of March 1st, 1927, and Mr. Parker was allowed $7,500 and Mr. Edward H. Wright $2,500 for services as counsel; they are solicitors of this court.
Emily Wright died December 11th, 1927, leaving a will giving her estate to her brother Edward and appointed him to receive her share under her mother's will. The same two executors and trustees filed an additional account to the date of her death and are ready to pay the share and what remains of the income thereon to Edward. The two accountants now ask for trustees' commissions on the income collected and paid to Emily, and also on thecorpus about to be paid over, and to that end, in July last, formally renounced the gifts to them in lieu of compensation. The one hundred and thirty-second section of the Orphans Court act (Comp. Stat. p. 3861) authorizes a renunciation. Compensation by legacy is not a binding substitute for legal compensation.Heath v. Maddock, 83 N.J. Eq. 681; Dean Estate, 42 N.J.L.J.301. Paying themselves the gifts was not a ratification of the terms imposed, for the legacies are so grossly out of proportion to reasonable compensation for the painstaking, conscientious and advantageous services rendered in husbanding this large estate as to refute the charge of an election and to sustain the claim of the executors that they took them only on account of their services. The renunciation is not too late if no injustice is done to the beneficiary by awarding statutory compensation.Heath v. Maddock, supra; Dean Estate, supra. Had they refused to qualify, because of the limitation, their substitutes would have been entitled to commissions. It is too late, however, for the usual commissions of five per cent. on the income of Emily's share. Only $1,273.68 of income due her is in the hands of the trustees. That sum will be allowed, and five per cent. on thecorpus about to be paid over. One-sixth of the executors' legacies will be surcharged. *Page 537 
This will result in equality of burden without disappointment to interests.
A double allowance, as executors of the estate and as trustee for Emily under the will, is denied. While the two offices are distinct, and their administration successive, the services here rendered the trust in either capacity are not distinguishable. The trusteeship sprang up coincident with the executorship, and while it outlasted the latter the duties were a unit, marked only by bookkeeping. Hibbler Estate, 78 N.J. Eq. 217; affirmed,79 N.J. Eq. 230. Services rendered is the statutory basis for compensation, and for this single service, administering the capital of the trust, a single allowance of the statutory limit is deemed adequate. In Pitney v. Everson, 42 N.J. Eq. 361,
commissions were awarded for services in both capacities, but for successive services, successively allowed, not for concurrent cumulative services such as we are now considering in fixing compensation. Apportionment of the commissions to the two positions is, in the present circumstances, of unimportance.
The percentage will be calculated on the book value, of course, not on the market value, as the trustees contend it should be. It is upon the basis of the accounting value that the proportional interest of legacies is determined, and it is a definite foot rule by which compensation is figured in percentage. The allowance will be divided — three-fifths to Mr. Parker; one-fifth each to the other two trustees. Mr. Parker bore the brunt of the administration of the estate.
Counsel fees awarded Mr. Parker upon the intermediate account were earned in litigation highly beneficial to the estate. There was no dissent at the time and the allowance is not to be reconsidered. It is an item apart from the present allowance. Formerly an award of counsel fees to executors for professional services was not permissible. Ordinary v. Connelly, 75 N.J. Eq. 521.
A supplement to the Orphans Court act passed in 1920 allows a "just and reasonable counsel fee" to be made to an executor, administrator, guardian or testamentary trustee on the settlement of his account in addition to commission, if he is an attorney of this state, and *Page 538 
has performed legal services in connection with his official duty. Cum. Supp. Comp. Stat. p. 2623; Hauser v. Hauser,92 N.J. Eq. 615.
Allowance to counsel in this litigation will be made on the presentation of the decree. They will be borne proportionally by the income and principal accumulated since the last accounting and the legacy presently to be paid to Emily's appointee. As to this, however, counsel may be heard further if they desire.