VICKSBURG PUBLIC LIBRARY *v.* FIRST NAT. BANK & TRUST
CO.

(Division B. Nov. 13, 1933.)

[150 So. 755. No. 30776.]

**Vollor & Teller,** of Vicksburg, for appellant.

Robbins & Smith, of Vicksburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

On the 7th day of December, 1929, Philip Crutcher, a resident of Vicksburg, made his last will, by which he gave complete and elaborate directions for the disposal and management of his estate, both real and personal. No detail seems to have been omitted. After directing that his real estate shall be sold by his executor and the proceeds distributed to his next of kin, he gave all his personal property, consisting of bonds, stocks, and all other securities, together with all money in banks or elsewhere, to his executor in trust for the Vicksburg Public Library. He directed that the principal of the funds as invested by him should remain intact, until changes in the form of the investments were deemed necessary by his executor, and that the interest or income derived from the investments should be paid annually by his executor as trustee to the said library. The trust is a continuing one, and the duties of the executor in respect thereto are of a continuing nature for the years to come.

Item 5 of the will is in the following words and figures: ''I hereby nominate, constitute and appoint the National City Savings Bank & Trust Company a corporation domiciled at Vicksburg, Warren county, Mississippi, executor of this my last will and testament as well as trustee of the trust fund hereinbefore created; and for its services as executor the said National City Savings Bank and Trust Company shall be paid two and one-half ($2\frac{1}{2}$) per cent of the money received from the sale of the real estate; and for its services as trustee the said National City Savings Bank and Trust Com-

pany shall receive one-half ($\frac{1}{2}$) of one (1) per cent of the trust fund hereby and herein created each year and one-half ($\frac{1}{2}$) of one (1) per cent of the interest realized on the funds invested.''

A few days after the death of Mr. Crutcher, which occurred on October 14, 1932, appellee bank and trust company, which had by a legal merger become the successor of the National City Savings Bank & Trust Company, exhibited the said will to the chancery court, prayed the probate thereof, and petitioned therewith that appellee be appointed executor; the petition reciting, among other matters, ''that petitioner desiring to fulfill the wishes of the testator, and that his last will and testament may in all things be executed according to the true intent and meaning thereof, is willing to accept and undertake the trust and office confided in petitioner.''

Appellee was appointed executor in accordance with the prayer of its petition, and thereafter on March 30, 1933, filed what it denominated as its first and final account, showing disbursements consisting of two thousand five hundred seventy-one dollars and fifteen cents, which were of items of current household debts of the deceased and of the costs of the funeral and of a monument. The account showed cash receipts of three thousand five hundred seventy-two dollars and twenty-four cents, and therewith was annexed a list or inventory of stocks and bonds of the face value of approximately fifty thousand dollars, and of an appraised market value of forty-two thousand one hundred thirteen dollars and sixteen cents. There was also some miscellaneous personal property of the appraised value of one thousand four hundred sixty-four dollars and twenty-five cents. The executor petitioned with its said so-called final account that it be allowed ''its proper fees as such executor,'' and on the hearing the court ordered that the executor be allowed a fee or compensation of two thousand three hundred twenty-five dollars, based upon an approximate calculation of five per cent on the personal property. This al-

lowance was made over the objection of the library, and the library prosecutes this appeal to have the allowance reviewed.

The general rule, supported by nearly all the authorities, is that, when an executor accepts appointment under a will which fixes the compensation which the executor is to receive, the executor must abide by the compensation provided in the will, and is entitled to no other compensation than the will allows. This seems to have been assumed as the correct rule without discussion in Thomas v. Thomas, 97. Miss. 697, 717, 53 So. 630, and we now expressly so hold. See the authorities grouped in the annotations Washington Loan & Trust Co. v. Convention of P. E. Church, 54 App. D. C. 14, 293 Fed. 833, 34 A. L. R. 913, and 24 C. J., pp. 989, 990.

The argument by appellee in support of the allowance is, first, that section 1740, Code 1930, is mandatory in its terms that the court shall allow to an executor or administrator as compensation not less than one or more than seven per centum on the amount of the estate administered. The answer to that contention is that under the common law an executor was not allowed compensation; the statute in this state was designed to supply that deficiency and to provide compensation where none is fixed in the will; but, where there is a valid provision in the will providing for the compensation, the statute does not apply.

The second ground of appellee's argument is that, while the will fixes the compensation to be paid the executor in regard to the real estate, and also fixes the trustee's compensation in reference to the personal property, the will is silent about the executor's compensation as to the personal estate administered. Appellee seeks, therefore, to draw some distinction between appellee as trustee under the will and as executor thereof. The will, in directing the management of the investments of the personal estate throughout the years to come, uses, in the items so directing, the terms ''executor'' and

"trustee" interchangeably; the executor is the trustee and the trustee is the executor. An executor is the person who is appointed by a testator in his last will and testament to execute and carry into effect the terms of the will. Ricks v. Johnson, 134 Miss. 676, 689, 99 So. 142. The appellee bank was nominated as executor in the will, and is the particular person and the only person who was directed to execute and carry out the terms thereof throughout all the years to come, and it is therefore immaterial that the executor is sometimes spoken of as trustee in the will, particularly so when at various points in the will these terms are used interchangeably. The will, out of caution, expressly provided for the filing of reports in the chancery court as required by law, which means that the executor shall continue to report so long as the trust estate exists. This means that, under the annual payments to the executor of the percentages fixed in the will, the executor will receive in the aggregate as the years go by more than the percentages mentioned in the statute, but no other compensation than that provided in the will, and at the times therein mentioned, shall be allowed the executor.

Reversed and decree here for appellant.