169 So. 878

## BIRMINGHAM TRUST & SAVINGS CO. v. HIGHTOWER et al.

### 8 Div. 732.

Supreme Court of Alabama.
Oct. 8, 1936.

J. G. Rankin, of Athens, for appellees.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

**ANDERSON, Chief Justice.**

The appellant was appointed both executor and trustee under the will, and was charged with dual duties, that is, the general administration of his estate and the execution of a trust created by said will in favor of the testator's wife, daughter, and other named beneficiaries thereunder. The estate was a very large one, and the trust created was to continue for quite a number of years.

Item 9 of the will says: "My said Executor and Trustee shall be entitled to receive for its services for executing this trust a sum equal to one half of one per

cent of the reasonable value of the corpus of the trust estate per annum."

The question is: Does the compensation so fixed apply to the appellant only as trustee and not as executor or to it in both capacities? It must be observed that said quoted item deals with and mentions both "Executor and Trustee," and while it says "for executing this trust," the discharge of the executorial duties also involves the execution of a trust. Keith & Wilkinson v. Forsythe, 227 Ala. 555, 151 So. 60. We therefore think, and so hold, that the compensation so fixed applies to duties exercised in both capacities, and was intended to fix the compensation of the appellant both as executor and trustee.

The general rule seems to be that when the instrument creating the trust fixes the compensation the compensation fixed cannot be increased by the court, subject only to the rules of judicial construction of the instrument in doubtful cases and to the further rule that an attempt to regulate by will the jurisdiction of the courts is ineffective to change the statutory provisions with reference thereto. 65 C.J. § 832 Pg. 925. Nor, in such case, will the separation of the duties as executor and trustee, and apportionment of fees, affect the limitation in the will. 65 C.J. § 838 Pg. 929. In re Whitney's Estate, 78 Cal.App. 638, 248 P. 754.

We do not think that this court in the case of Raines v. Raines' Ex'rs, 51 Ala. 237, held or meant to hold that such a provision could or would be disregarded by the courts. That case seems to rest upon a construction of the will, and the real holding was that the sum bequeathed the executors was intended as a gratuity and not intended as full compensation for the services to be rendered. When a provision of this character is plain and unambiguous and the trust is accepted thereunder, and it does not offend the above-noted exceptions, the court has no authority to ignore, alter, or change same. The trial court did not err in holding that the appellant's compensation was governed by the will.

The personal property of a decedent is primarily liable for debts or charges against his estate, and must first be applied to the satisfaction of same, and is not subject to distribution until said debts and charges are satisfied. Section 7374 of the Code of 1923. The personal property of a decedent must first be used and exhausted in the payment of debts and charges against the estate before resort can be had against the land. Baldwin v. Alexander, 145 Ala. 186, 40 So. 391. The trial court erred in holding that only one-third of the income tax and other charges should be paid out of the personal property of the estate.

The item as to the amount paid the accountant, Borland, should have been allowed as found by the register as it was supported by the undisputed evidence. True, the evidence was expert or largely so, and the court is not concluded by expert evidence, but there is another rule that when questions of facts are referred to the register his conclusion should have the same weight as the verdict of a jury, and will not be disturbed on review unless convinced from the evidence that the conclusion was plainly and palpably wrong. True, the appellant petitioned the trial court for permission to employ the accountant for a limited amount and caution should perhaps have suggested a second petition for a modification of the former order as to the amount to be paid, but the trial court did not base the finding on the order, but increased the allowance, thus, in effect, holding that the previous order was not conclusive. Moreover, the statute, section 10430 of the Code, provides: "A trustee is entitled to the repayment, out of the trust property, of all expenses actually and properly incurred by him in the performance of his trust. He is entitled to the repayment of even unlawful expenditures, made in good faith, if they were productive of actual benefit to the estate."

The decree of the circuit court is affirmed in so far as dealing with the compensation of the appellant, but is reversed in holding that only one-third of the personal property should answer for the debts and charges against the estate and in not confirming the report of the register as to the allowance to the accountant, Borland, and the cause is remanded.

Affirmed in part, and reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.