SUVERKRUP *v.* SUVERKRUP, EXECUTOR.

[No. 16,285. Filed January 16, 1939. Rehearing denied February 28, 1939. Transfer denied April 25, 1939.]

*Noel, Hickam, Boyd & Armstrong, Pickens, Gause & Pickens,* and *Richman & Sharpnack,* for appellant.

*Miller, Miller & Bredell,* for appellees.

STEVENSON, P. J.—The appellant, John W. Suverkrup, was named as executor of the last will and testament of Arthur C. Newby. The will of Arthur C. Newby was admitted to probate by the Probate Court of Marion County on September 18, 1933, and the appellant qualified as executor on the same day. Item VI of this will reads as follows:

"I nominate and appoint John W. Suverkrup, of Columbus, Indiana, or in the event of his death or disability, then George M. Dickson, of Indianapolis, Indiana, executor of this will, and I direct that he be paid at the rate of Twelve Thousand Dollars ($12,000.00) per year for his services as executor of this will and for his services as trustee hereunder."

On October 30, 1933, the appellant filed an inventory and appraisement of the assets of said estate and on said date also filed his written renunciation of the compensation provided by said will and asked the court to make such allowance for his services as was fair and reasonable. On the same day the executor filed with the court his petition for partial allowance for fees for himself and attorneys. Whereupon the court ordered and allowed the executor on account the sum of $15,000.00 for himself and $30,000.00 for attorneys. The appraised value of the estate as shown by the inventory was $2,677,107.68.

On the 18th day of September, 1934, the appellant as executor filed his first current report asking approval

of partial distribution of $1,800,000.00 and asking the court to fix the fees for himself and attorneys. The court on said date approved said distribution and fixed the fee of the executor at $50,000.00, and for said attorneys a fee of $100,000.00.

On the 7th day of June, 1935, the executor filed what he designated a final report wherein he claimed as credit the sum of $50,000.00 paid to himself for his services. Notice was given to heirs and creditors and June 29, 1935, was fixed for final hearing. Final distribution was ordered on said date. On July 18, 1935, the James Whitcomb Riley Memorial Association filed objections and exceptions to the various reports of the executor and contesting the authority of the court to authorize payment to the executor of compensation in excess of the amount fixed in the will. On the 17th day of September, 1935, the executor filed his final report showing final distribution of the assets of said estate and on September 21, 1935, additional objections and exceptions were filed to the final report by the James Whitcomb Riley Memorial Association and others in like situation. On hearing, the court found the facts specially and stated its conclusions of law thereon. The court in its conclusions of law stated generally that the law is with the objector as to the amount of compensation which the executor is entitled to receive and that the objections of said appellee should be sustained and the executor was required to repay into said estate the sum of $26,000.00, being the difference between the amount to which he was entitled under the will as compensation and the amount which he has received as compensation for his services in said estate. To each of these conclusions of law the appellant excepted.

The appellant now assigns as error that the trial court erred in its conclusions of law numbered one, three, four, and five.

In addition to the facts above stated, the court also found as a fact that a reasonable fee for the services rendered by the appellant as executor of the estate of Arthur C. Newby, deceased, was $50,000.00. The court further found as a fact that George M. Dickson, named in Item VI as alternative executor, was at all times available, able, ready and willing to serve as executor on the basis named in said will and that he received no notice of the proposal of the appellant to renounce the compensation fixed by the will or his actual renunciation thereof until long after the same had been filed. It further appears that the appellant was named as one of the legatees in the will and that he received a legacy which amounted to approximately $157,000.00.

The question we are called upon to decide involves the construction and interpretation of the statute in this state which deals with the effect of provisions in a will fixing the compensation for the executor. This statute is Sec. 6-1417 Burns' Ann. Stat. 1933, §3214 Baldwin's Ind. St. 1934, Acts of 1881 (Spec. Sess.), ch. 45, §171, p. 423, which reads as follows:

"When provision is made by will for compensation to the executor thereof, the same shall be deemed a full satisfaction for his services, in lieu of the aforesaid commission and extra allowance, or his share thereof, unless he shall, by a written instrument, filed in the court issuing his letters, renounce all claim to such compensation given by the will."

The appellant contends that since the statute fixes no time for the filing of said renunciation, a reasonable time is allowed, and that since the renunciation in this case was filed by said appellant within six weeks after his appointment, the same was within the time contemplated by law. The appellees contend first, that the appellant by entering upon the discharge of his duties as executor is deemed to have accepted the proposal and stipulation contained in the will as to his fee and

thereby became bound, as such acceptance amounts to a contract; second, that his renunciation after qualification is ineffective; and third, that by acceptance of the trust, the appellant is estopped from renouncing the testamentary compensation.

Courts have frequently been called upon to determine the legal effect of provisions in a will which fix the compensation of executors. This court in the case of *Ross et al.* v. *Conwell* (1893), 7 Ind. App. 375, 376, 34 N. E. 752, said:

> "Ordinarily, it is true, where the testator himself stipulates what the compensation shall be, and the trustee or executor accepts the trust, it amounts to a contract between the parties, by which, if made in good faith, they are mutually bound."

The authorities on this proposition were generally reviewed by the Supreme Court of Massachusetts in the case of *Bailey* v. *Crosby et al.* (1917), 226 Mass. 492, 494, 116 N. E. 238, wherein the following language appears:

> "It is common knowledge that testators frequently provide in their wills a mode or amount of compensation to executors for settling their estates. An executor who accepts the trust under a will containing such a provision is estopped from claiming any compensation other than that which he is entitled to under the provisions of the will. *Rote* v. *Warner,* 9 Ohio Cir. Dec. 539; *Matter* v. *Kernochan,* 104 N. Y. 618, 11 N. E. 149; *Meacham* v. *Sternes,* 9 Paige (N. Y.) 403. The executor was not bound to accept the trust, but having done so he is entitled to receive only the compensation named in the will, whether that sum be more or less than a reasonable sum."

See also *Bingham Trust & Savings Company* v. *Hightower* (1936), 223 Ala. 39, 169 So. 878; *Vicksburg Public Library* v. *First Nat. Bank & Trust Co.* (1933), 168 Miss. 88, 150 So. 755.

While the above rule is generally accepted as a correct statement of the law, it will be noted that none of these

cases involved a renunciation by the executor under a statute authorizing such procedure. Our statute plainly recognizes the right of the testator to fix the compensation to be paid the executor for his services. If the person named therein as executor, with full knowledge of the fee named therein for his services, qualifies as such executor and files no written renunciation, the authorities treat such stipulation as having ripened into a contract. If he desires to prevent such construction being placed upon his actions, he shall "by written instrument filed in the court issuing his letters renounce all claim to such compensation given him by the will."

When, therefore, must such written renunciation be filed? The Appellate Division of the Supreme Court of New York in the case of *In re Nester* (1915), 166 App. Div. 224, 151 N. Y. S. 194, stated that "an executor has a right within a reasonable time to renounce the specific compensation given him by the will and elect to take the allowance given him by the law." Since the decision of that case, however, the statute in New York has been amended, fixing the period within which a written renunciation must be filed at four months. *In re Cohen's Will* (1927), 128 Misc. Rep. 906, 220 N. Y. S. 509.

The only other case whose reasoning appeals to the court is the case of *In re Williams' Estate* (1928), 147 Wash. 381, 266 Pac. 137, which announces the principle that the renunciation of the compensation fixed by the will must come at the earliest possible time and before the duties as executor are entered upon and before the offer contained in the will is accepted by acting thereunder.

The writer of this opinion feels that this reasoning should prevail in this case but the weight of authority is against such conclusion. The prevailing rule is to the effect that where no time is fixed by statute in which an act is to be done, a reason-

able time is contemplated. *In re Nester, supra; Parker et al.* v. *Wright et al.* (1928), 103 N. J. 535, 143 Atl. 870. See also Annotation 34 L. R. 920.

It is our opinion that under our statute an executor is given a reasonable time after qualifying as such to renounce the provisions of the will fixing his compensation. There is no contention that the six weeks' period was an unreasonable length of time in this case if the above rule is to be applied.

The appellees contend that having accepted the legacy bequeathed by the will, the appellant is not permitted to renounce the provisions of the will fixing his fee. They seek to invoke the equitable doctrine to the effect that a person having once accepted beneficial interests under a will will be held to have confirmed and ratified every part thereof. This rule is only operative in cases where a party is required to choose between two inconsistent and alternative rights in cases where there is a clear intention of the testator that both should not be enjoyed. (69 C. J., Sec. 2330.) There is no such inconsistency in the rights of the appellant as executor and his right as legatee which would require him to elect. The appellant therefore is not precluded from asserting his statutory right to have the court fix a reasonable fee for his compensation as executor by having accepted the legacy provided in the will.

We accordingly hold that the judgment of the trial court which denied the appellant the right to renounce the provisions of the will respecting the compensation was erroneous.

The judgment is accordingly reversed with instructions to the trial court to restate its conclusions of law in conformity with this opinion and for further proceedings not inconsistent herewith.