ERVIN, Judge.
The University of Florida Foundation, Inc., residuary beneficiary under a will executed by Francis M. Bullard, deceased, appeals an order of probate allowing James E. Miller, individual co-personal representative of Bullard’s estate, to renounce a provision in the will which had fixed the latter’s compensation at $1,200 per year, and permitting him instead to claim compensation pursuant to Section 733.617(1), Florida Statutes (1981). We reverse the order as it pertains to allowing Miller the right to renounce, but otherwise affirm.
At issue before us is the lower court’s construction of section 733.617(2), stating:
If a will provides for compensation of the personal representative either directly or conditionally and there is no contract with the decedent regarding compensation, he may renounce the provisions and be entitled to reasonable compensation. A personal representative also may renounce his right to all or any part of the compensation. A renunciation may be filed with the court,
(emphasis supplied) The lower court determined that because there was no proof of any contract extrinsic to the will or wills executed by Bullard, Miller should be entitled to the same fee for his services as charged by the corporate co-personal representative, Barnett Banks Trust Company— 2.5 percent of the decedent’s gross estate, or $93,323.44. Miller had testified that there was no contractual arrangement with the testator regarding compensation, and the lower court apparently accepted Miller’s testimony in that regard.
We have found no cases in Florida construing Section 733.617(2), Florida Statutes; nevertheless we do not view the statute as requiring a separate contract outside the will between an executor and a decedent regarding compensation, when, as here, the former serves the estate as both attorney and personal representative, and drafts a condition in the will .establishing compensation at a fixed amount. In fact, Mr. Miller had prepared similar provisions in each of five wills that he drew for Mr. Bullard during the years 1970, 1976, 1979, 1981, culminating with the will dated April 21, 1982, less than six months before the death of Bullard. Under the circumstances before us, we consider that the instruments themselves are evidence of a contractual agreement between the testator and the representative establishing compensation.
In the absence of statute, the general rule in those jurisdictions addressing the question is that a trustee or an executor is entitled only to the compensation provided for in the terms of the trust or will and is ordinarily entitled to no compensation if the instrument so specifies. Annot., 19 A.L. R.3d 520, 523 (1968). Indeed, most of the decisions so holding “have limited the fiduciary to the compensation fixed in the will, trust instrument, or other agreement on the basis of a contractual theory that by accepting the office and qualifying as such fiduciary, he accepted the provision fixing his compensation and is bound thereby.” Id. On the other hand, in those states having statutes permitting the fiduciary to renounce the fees fixed by the instrument, the courts have construed the statutes as permitting the fiduciary to renounce, either within the time specified by the statute or, in the absence of a fixed time, within such time as the courts may deem reasonable. Id. at 551. However, even in states with such statutes, the courts have construed *484 them as not authorizing an executor to renounce an agreement made by him during the lifetime of the testator to accept less than the statutory amount. See In re Hayden’s Estate, 172 Misc. 669, 16 N.Y. S.2d 126 (Sur.Ct., N.Y.County 1939), aff'd., 261 App.Div. 900, 26 N.Y.S.2d 490, appeal denied, 261 App.Div. 1074, 27 N.Y.S.2d 468 (N.Y.App.Div.1941).
In our view, whether a personal representative may be permitted to renounce the amount stated in a will turns upon whether the representative and the testator, during the latter’s lifetime, agreed that the representative would accept the amount fixed in the will. Such agreement is lacking in situations where the offices of personal representative and attorney for the estate are held by separate persons, and the designated personal representative does not become aware until after the testator’s death of any provision limiting his right to compensation. Those provisions contained in the five wills establishing compensation, of which Mr. Miller in his capacity as attorney for the estate well knew and in fact drafted, are competent and substantial evidence by themselves of the existence of a contractual agreement between the two. As recognized in numerous decisions, upon accepting the office of trustee or executor, the trustee or executor also accepts the instrument creating the office, including any provision therein designating the compensation to which the fiduciary is entitled. See Birmingham Trust & Savings Co. v. Hightower, 233 Ala. 39, 169 So. 878 (1936); James v. Echols, 183 Ark. 826, 39 S.W.2d 290 (1931); In re Whitney’s Estate, 78 Cal.App. 638, 248 P. 754 (Cal.Dist.Ct.App.1926); Stanley v. Henderson, 139 Tex. 160, 162 S.W.2d 95 (1942).
Similarly, a fair reading of Section 733.617(2), Florida Statutes, conveys the meaning that if a personal representative enters into a contract with a decedent during the latter’s lifetime regarding compensation, the representative is bound by the terms of the agreement once he accepts such office. If, on the other hand, the personal representative has no such agreement with the testator during such person’s lifetime, we construe the statute as permitting the representative to renounce any such limitation in a will and to seek statutory compensation within a reasonable time after he has accepted the office. There is no provision contained in section 733.617(2) as to a specific time for renunciation, and in the absence of such provision, the general rule is that a personal representative may renounce compensation fixed within the instrument within a reasonable time. See, e.g., Suverkrup v. Suverkrup, 106 Ind.App. 406, 18 N.E.2d 488 (Ind.App.1939); Parker v. Wright, 103 N.J.Eq. 535, 143 A. 870 (N.J.Ch.1928). Assuming, then, had the record revealed no agreement between the testator and the personal representative, we would find no impediment to the personal representative’s right to renounce compensation established in the instrument within a reasonable time after the acceptance of his office. In that the evidence before us clearly reveals the existence of a contract, we regard the contract as becoming final no later than Mr. Miller’s appointment as co-personal representative on October 6, 1982, thereby barring Miller’s later notice of renunciation.
We have considered the remaining point urged by appellant regarding the alleged error of the lower court in not staying the instant case, pending resolution of the elective share litigation by the alleged common-law spouse of decedent, and finding no merit as to that argument, we affirm the denial of the stay.
Reversed in part, affirmed in part.
JOANOS and BARFIELD, JJ., concur.